**Sally PROFFER, Relator,**

v.

**The Honorable John G.
YATES, Respondent.**

No. 04–86–00612–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 21, 1987.

Bluford B. Sanders, El Paso, for relator.

Gary Howard, Samuel H. Bayless, San Antonio, for respondent.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

**OPINION**

PER CURIAM.

Sally Proffer, relator, seeks this Court to issue a writ of mandamus to compel respondent, the Honorable John G. Yates, Judge of the 150th Judicial District Court in Bexar County, Texas, to enter an order transferring cause number 73–CI–10992, styled *In the Interest of Jack Paul Leon, Jr., A Child,* to the district court in El Paso County, Texas.

In 1974, a district court of Bexar County granted relator and Jack Leon, Sr., a divorce and appointed relator managing conservator of the parties' minor child. In April, 1981, the Bexar County court modified the 1974 decree by appointing relator and Jack Leon, Sr., as joint managing conservators of the child. In March, 1982, the parties obtained a further modification of the divorce decree which appointed relator's husband as possessory conservator and provided that Jack Leon, Sr., "shall delegate that the domicile of the minor child ... shall be with his mother who presently resides" in Bay City, Texas.

On September 8, 1986, relator filed a motion to modify child support and a motion to transfer venue to the El Paso County district court. Relator alleged, and it is uncontested, that the minor child has lived in El Paso, Texas, with his mother in excess of fifteen months. The trial court denied relator's request to transfer venue. Relator's motion to modify is pending before the respondent.

Relator contends that the trial court failed to comply with TEX.FAM.CODE ANN. § 11.06(b) (Vernon 1986) which provides in part:

If a petition for further action concerning the child or a motion to modify ... is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed.... If the child resided in another county for six months or longer, the court shall transfer the proceeding to that county.

The trial court is under a mandatory duty to order the transfer of the proceeding under this section. *Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex.1983). After filing her motion for modification, relator filed a motion to transfer venue and her affidavit stating the principal residence of the child has been El Paso, Texas, for approximately one and one-half years.

Relator urges this Court to compel respondent to perform his clear and mandatory duty pursuant to TEX.FAM.CODE ANN. § 11.06(b) (Vernon 1986) and enter an order transferring the cause to El Paso.

In 1981 the legislature amended section 11.06(i) of the Family Code to read:

An order transferring or refusing to transfer the proceeding *is not subject to interlocutory appeal.* (Emphasis added.)

Prior to the 1981 amendment, the statute provided that an order concerning transfer *was not appealable.* Act of June 15, 1973, ch. 543, § 1, 1973 Tex.Gen.Laws, 1411, 1414–15, *amended by* Act of June 10, 1981, ch. 355, § 1, 1981 Tex.Gen.Laws 942, 943.

■ Mandamus was an appropriate remedy under the pre–1981 amendment when the trial court erroneously transferred or refused to transfer the proceeding because the complaining party had no remedy by appeal. *See Brown v. Brown,* 566 S.W.2d 378, 380 (Tex.Civ.App.—Corpus Christi 1978, no writ) However, the Family Code now provides for an appeal from an order once the judgment has become final. *Wike v. Dagget,* 696 S.W.2d 79, 82 (Tex. App.—Houston [14th Dist.] 1985, no writ); TEX.FAM.CODE ANN. § 11.06(i) (Vernon 1986). Thus, relator has a remedy by appeal.

We have jurisdiction to enter a writ of mandamus agreeable to the principles of law regulating those writs against a judge of a district court. TEX.GOV'T.CODE ANN. § 22.221(b) (Vernon Supp.1986). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law, such as the failure to observe a mandatory statutory provision conferring a right or forbidding a particular action, *when there is no other adequate remedy by law such as an appeal. Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985); *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Brown v. Barlow,* 685 S.W.2d 406, 407 (Tex.App.—San Antonio 1985, no writ).

Section 11.06(i) specifically provides that an order transferring or refusing to trans-

fer a proceeding is not subject to an interlocutory appeal. "To allow the use of a writ of mandamus to control the court's interlocutory nonappealable venue order would permit the very interlocutory appeal the statute was enacted to prohibit. (Citation omitted.) It is not agreeable to the principles of law to sanction an indirect accomplishment of that which the law prohibits." *Ogburn v. Blackburn,* 697 S.W.2d 822, 823–24 (Tex.App.—Amarillo 1985, no writ).[1]

We hold relator has an adequate remedy by appeal and therefore we deny her petition for writ of mandamus. The temporary injunction issued by this Court prohibiting respondent, the Honorable John G. Yates, Judge of the 150th Judicial District Court of Bexar County, Texas, from taking any action in connection with cause number 73–CI–10992, styled *In the Interest of Jack Paul Leon, Jr., A Child,* is ordered dissolved.

---

1. *Ogburn* is a case involving the general venue statute, TEX.REV.CIV.STAT.ANN. art. 1995 (now found at TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986)). However, the same logic applies to section 11.06(i) since both statutes provide there shall be no interlocutory appeal.