Sally PROFFER, Relator,

v.

The Honorable John G. YATES, Judge, et al., Respondents.

No. C–6140.

Supreme Court of Texas.

July 15, 1987.

Rehearing Denied Sept. 16, 1987.

Bluford B. Sanders, Jr., Sanders, Moffeit & Associates, P.C., El Paso, for relator.

Gary Howard, Samuel Bayless, Leon and Bayless, San Antonio, for respondents.

**PER CURIAM.**

This is an original mandamus action. Relator, Sally Proffer, seeks a writ of mandamus directing the Honorable John G. Yates, sitting as Judge of the 150th Judicial District Court of Bexar County, to render an order transferring to the district court of El Paso County a cause styled *In the Interest of Jack Paul Leon, Jr., A Child.* We conditionally grant the writ.

Sally and Jack Leon, Sr. were divorced in Bexar County in 1974. Sally was named managing conservator of the parties' minor child. In 1981 the district court modified the decree by appointing Sally and Jack joint managing conservators. A further modification of the decree occurred in 1982, when Sally's former husband Richard Starnes was named possessory conservator. This order also provided that Jack "shall delegate that the domicile of the minor child ... shall be with his mother who presently resides" in Bay City, Texas.

In September 1986 Sally filed a motion to modify child support and a motion to transfer venue to the El Paso County district court. Sally alleged, and it is uncontested, that the minor child had lived in El Paso with her for over fifteen months. She argued that the trial court had a mandatory duty to transfer the cause to El Paso. She relied on TEX.FAM.CODE ANN. § 11.-06(b), which provides that if the child has resided in another county for six months or longer, "the court shall transfer the proceeding to that county."

The Bexar County district judge denied Sally's request to transfer venue. Sally then filed an original mandamus proceeding in the Court of Appeals for the Fourth Supreme Judicial District of Texas. That court wrote an opinion in which it recognized that the trial court is under a mandatory duty to transfer under the circumstances present in this case. 723 S.W.2d 345. However, the court of appeals denied Sally's petition for writ of mandamus on the ground that she has an adequate remedy by appeal. We disagree.

The writ of mandamus has been available to compel mandatory transfer in suits affecting the parent-child relationship for a number of years. In *Cassidy v. Fuller*, 568 S.W.2d 845 (Tex.1978), this court granted mandamus relief to compel transfer of such a suit to a county in which the children had resided for more than six months. In granting mandamus relief, the court recognized the mandatory nature of section 11.06(b), the section which provides that the trial court "shall" transfer when the child has lived for over six months in the county to which transfer is requested. In 1983 this court issued its most recent opinion granting mandamus relief to compel mandatory transfer in a suit affecting the parent-child relationship. In *Leonard v. Paxson*, 654 S.W.2d 440 (Tex.1983), the court again granted mandamus relief to compel transfer to a county where the children had been residing for more than six months.

At the time of *Cassidy*, the Family Code provided that orders regarding transfer of suits affecting the parent-child relationship were "not appealable." TEX. FAM.CODE § 11.06(f) (1975). At the time of *Leonard*, the Code had been amended to provide that orders regarding transfer are not "subject to interlocutory appeal." TEX.FAM.CODE ANN. § 11.06(i) (1986). The provisions regarding appeal were not

mentioned in either *Cassidy* or *Leonard,* but the rationale underlying the grant of mandamus relief in each case is the same. Mandamus relief is available when under the circumstances of the case the facts and law permit the trial court to make but one decision—and the trial court has refused to make that decision—and remedy by appeal to correct the ruling is inadequate. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

■ Transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 11.06(b). And remedy by appeal, though available, is frequently inadequate to protect the rights of parents and children to a trial in a particular venue. Parents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues.

We hold that the trial court's order denying transfer conflicts with our decisions in *Cassidy* and *Leonard.* Pursuant to TEX. R.APP.P. 122, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ of mandamus will issue only in the event the trial court fails to transfer the proceeding in accordance with this opinion.