**Gary MAURO, Commissioner of the General Land Office and the State of Texas, Relators,**

**v.**

**The Honorable J. Manuel BANALES, Presiding Judge, 105th District Court of Kenedy County, Texas, Respondent.**

No. 13–93–244–CV.

Court of Appeals of Texas, Corpus Christi.

July 29, 1993.

Richard J. Hatch, Sr., Prichard, Peeler, Cartwright & Hall, Corpus Christi, Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, Thomas J. Forestier, Houston, Marc O. Knisely, McGinnis, Lochridge & Kilgore, Austin, for intervenor.

Rande K. Herrell, Asst. Atty. Gen., Energy Div., Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., and James M. Phillips, Asst. Atty. Gen., Chief, Mary A. Keeney, Asst. Atty. Gen., Energy Div., Austin, for relators.

Before GILBERTO HINOJOSA, SEERDEN and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

In this original mandamus proceeding, relators, Gary Mauro, Commissioner of the General Land Office, and the State of Texas (collectively the "State"), complain of an order of the trial court denying the State's motion to transfer venue to Travis County in a boundary dispute with the real party in interest, the Kenedy Memorial Foundation (the "Foundation"). The Foundation brought the underlying suit in Kenedy County challenging the State's representations of the boundary between the State's coastal public lands (submerged lands) and uplands belonging to the Foundation. The State then filed its motion to transfer venue based on venue provisions found in the Texas Natural Resources Code concerning boundary disputes between the State and littoral owners.[1] The Foundation, however, maintains that venue of the case belongs in Kenedy County, the county in which the property at issue is located, relying upon the general venue statute regarding claims involving land.[2] The trial court denied the

State's motion to transfer venue. We deny the writ of mandamus.

We generally lack jurisdiction to issue a writ of mandamus to correct or supervise an incidental ruling of a trial judge when there is an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985). In rare instances, the trial court's erroneous pretrial orders may be so severe as to effectively deny relator the reasonable opportunity to develop the merits of his or her case such that trial would be a waste of judicial resources and mandamus becomes the only adequate remedy. *See Walker*, 827 S.W.2d at 843; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex.1991). However, the appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, 827 S.W.2d at 842.

Specifically, the trial court's incorrect determination of a motion to transfer venue may be adequately corrected on appeal and is not ordinarily subject to a mandamus action in the appellate court. *Cone v. Gregory*, 814 S.W.2d 413 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding); *Tenneco, Inc. v. Salyer*, 739 S.W.2d 448 (Tex.App.—Corpus Christi 1987, orig. proceeding). Though an incorrect determination of venue may ultimately result in a retrial of the case in the county of proper venue, such an error does not amount to a complete denial of the opportunity for relator to develop his or her case, and therefore does not fall within this exception to the general rule that incidental rulings of

---

1. Chapter 33 of the Texas Natural Resources Code governs the State's management of coastal public land through the agency of the School Land Board. Sections 33.171–33.176 concern enforcement and appeal. Specifically, section 33.172 provides that:
   Unless expressly waived in writing by the attorney general, venue lies in Travis County in any proceeding:
   (1) arising out of an alleged violation of any provision of this chapter or any rule adopted by the board under this chapter;
   (2) touching any interest in land sought or granted under this chapter; and
   (3) to determine the boundaries or title to any coastal public land.

2. The Texas Civil Practice and Remedies Code chapter 15 (Vernon 1986) generally governs the determination of proper venue. Under the Subchapter B provisions for mandatory venue, section 15.011 concerns claims involving land generally:

   Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

the trial court may be adequately reviewed by appeal.

However, in certain cases, the courts have allowed mandamus to correct the trial court's erroneous determination of a motion to transfer venue. Specifically, the State relies on *Proffer v. Yates*, 734 S.W.2d 671 (Tex.1987), which involved venue of a suit affecting the parent-child relationship under the family code requirement for transfer of continuing jurisdiction to a county in which the child has resided for more than six months. *See* Tex.Fam.Code Ann. 11.06(b) (Vernon 1986). However, the venue determination in *Proffer* involved more than the normal considerations of an acceptable choice of forum, but included considerations of venue/jurisdiction unique to the idea of a county of "continuing jurisdiction" under the family code. *See* Tex. Fam.Code Ann. §§ 11.04, 11.05 (Vernon 1986). In addition, underlying its decision to grant mandamus relief, the *Proffer* Court asserted that "[j]ustice demands a speedy resolution of child custody and child support issues." *Id.* at 673.

▮ Another exception exists to allow mandamus when the trial court fails to follow the procedural requirements of Texas Rule of Civil Procedure 87 concerning each party's right to sufficient notice of the venue hearing. *Henderson v. O'Neill*, 797 S.W.2d 905 (Tex.1990).

However, *Proffer* and *Henderson* appear to carve out only limited exceptions to the still-valid general rule that the trial court's determination of a motion to transfer venue may be adequately reviewed on appeal and is not subject to mandamus relief, unless there is some special circumstance to suggest otherwise.

In the present case, the State attempts to transfer venue of its boundary dispute with the Foundation to Travis County under the mandatory venue provisions of section 33.-172 of the Natural Resources Code. We cannot say that this type of boundary dispute demands the type of speedy resolution that a child custody or support case does under the *Proffer* analysis. Nor has the State alleged a procedural failure akin to that in *Henderson*. Moreover, we find no other special circumstance to suggest that review by appeal would be inadequate. Therefore, we hold that the relators have an adequate remedy by appeal.

Relators' petition for writ of mandamus is DENIED.