In re Dionel Ruiz and Renee Bonfiglio Ruiz
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-174-CV

IN RE DIONEL RUIZ
AND RENEE BONFIGLIO RUIZ

 

ORIGINAL PROCEEDING
                                                                                                                

DISSENTING OPINION
                                                                                                                

      Because the Ruizes have an adequate remedy by appeal, I disagree with the conditional
grant of the writ of mandamus. The requirement that mandamus will not issue where there is
an adequate remedy by appeal is well-settled. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances and will issue only in situations involving manifest and urgent necessity. Id. 
An exception to the “adequate remedy by appeal” requirement of Walker was recognized by
the Texas Supreme Court in Proffer. The Court observed,
Parents and children who have a right under the mandatory venue provision to venue
in a particular county should not be forced to go through a trial that is for naught.
Justice demands a speedy resolution of child custody and child support issues.

Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987) (emphasis added).
      In Proffer, the parent and child had moved to another jurisdiction and the court of original
jurisdiction was required to transfer the case to the new jurisdiction. The thrust behind the
Proffer exception is avoidance of an unnecessary trial in child custody cases. In the cases in
which this court has cited Proffer for allowing the parties to pursue relief by mandamus, we
were likewise avoiding an unnecessary trial. See In re Verbois, 10 S.W.3d 825 (Tex.
App.—Waco 2000, orig. proceeding); In re Bishop, 8 S.W.3d 412 (Tex. App.—Waco 1999,
orig. proceeding); In re Simonek, 3 S.W.3d 285 (Tex. App.—Waco 1999, orig. proceeding);
In re Sanchez, 1 S.W.3d 912 (Tex. App.—Waco 1999, orig. proceeding). However, in this
case, there has already been a trial. The jury has already determined that the Ruizes’ parental
rights should be terminated. The trial court has already signed an order of termination. The
reason for allowing relief by mandamus simply does not exist in this case. 
      The order based on the jury’s verdict was signed by the trial court five days before the
Ruizes filed their mandamus action. They have not demonstrated any reason that they do not
have an “adequate remedy by appeal” as required by Walker. They have an adequate remedy
by appeal, and therefore, this mandamus should be denied.



 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed May 25, 2000
Publish



ight, the
denial of which constitutes error. See id.; Farrar, 784 S.W.2d at 55; Caraway v. State, 417
S.W.2d 159, 161 (Tex.Crim.App. 1967); Crew v. State, 387 S.W.2d 898, 899 (Tex.Crim.App.
1965). We find that Boston did not waive or forfeit his right to make an opening statement by
failing to do so after the State presented its evidence. See Arriaga, 804 S.W.2d at 274. Once the
State presented its evidence, the right of Boston to present an opening statement was lost, not
abandoned or waived. 
      Having found the court's refusal to allow Boston to make an opening statement before the
State's presentation of evidence to be error, we must now consider whether it was harmless. See
Tex. R. App. P. 81(b)(2). In determining whether the error requires reversal, we are guided by
Harris v. State, 790 S.W.2d 568 (Tex.Crim.App. 1989). First, we must isolate the error and all
its effects, and second, ask whether a rational trier of fact might have reached a different result
if the error and its effects had not resulted. See id. at 587-88.
      The State contends that Boston was allowed to state his overall defense position, which
purported that he committed theft and not robbery, by mentioning that position in his voir dire
examination of the panel. However, the State does not contend that voir dire is a substitute for
opening argument. Even though the defensive position was mentioned to the jury panel, the facts
later relied on by Boston, when he testified in his own defense, never got before the panel during
voir dire. Article 36.01(a)(5) specifically allows a defendant in his opening statement to tell the
jury the defenses relied upon and the facts expected to be proved. Here, Boston was precluded
from telling the jury those facts and thus the jury could not relate that posture to the his cross-examination of the State's only witness. 
      We find that the error was of such magnitude that it disrupted the juror's orderly evaluation
of the evidence. By not being allowed to state the nature of the defense relied upon and the facts
expected to be proved in their support before the State presented its evidence, Boston was not able
to have the jury evaluate the State's evidence in the context of the defense position as that evidence
was being heard. We cannot conclude beyond a reasonable doubt that the error made no
contribution to the conviction based on the principles in Harris. Boston's point of error is
sustained.
      We reverse the judgment and remand the case.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
          (Thomas, C.J., dissenting)
Reversed and remanded
Opinion delivered and filed July 8, 1992
Publish