IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-1043
════════════
 
In re Texas Department of 
Family and Protective services, RELATOR
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Section 
263.401 of the Texas Family Code establishes a deadline for rendition of a final 
order in suits affecting the parent-child relationship (SAPCRs) brought by the 
Texas Department of Family and Protective Services. Although the trial court 
abused its discretion in failing to dismiss the Department’s case, we conclude 
that here, the parties challenging a trial court’s denial of a motion to dismiss 
under section 263.401 had an adequate remedy by accelerated appeal. 
On January 
23, 2003, the Department filed a SAPCR to terminate the parent–child 
relationship between Joy Higdon and her two children. That day, the trial court 
entered an ex parte order giving the Department the authority to take possession 
of the children, naming the Department temporary managing conservator, and 
setting the matter for a full adversarial hearing on February 3, 2003. 
Apparently, Higdon was restored as managing conservator of the children at the 
February hearing but agreed to place the children with their great-grandmother, 
Ruby Ludwig.
The trial 
court held periodic status hearings. In a temporary order dated August 19, 2003, 
the trial court appointed the Department temporary managing conservator and 
identified the dismissal date for the case as August 16, 2004. The children 
continued to reside with Ludwig. In September, the trial court identified the 
dismissal date for the Department’s case as January 26, 2004, and set the case 
for trial on the merits. In January, the trial court extended the dismissal date 
to July 24, 2004, as permitted by section 263.401(b) of the Texas Family Code. 
On February 23, 2004, Ludwig intervened, seeking sole managing conservatorship 
of the children.
On Monday, 
July 19, 2004, the trial began. On Thursday, July 22, 2004, Ludwig and Higdon 
filed motions to dismiss for failure to render a final order before the 
statutory deadline. The Department rested its case on Friday, July 23, 2004. 
Saturday, July 24, 2004, was the dismissal deadline identified by the court in 
its January order. The trial recommenced on Tuesday, July 27, 2004. On July 28, 
2004, the jury returned a unanimous verdict terminating the parent-child 
relationship between Higdon and each child and appointing the Department, rather 
than Ludwig, as sole managing conservator of the children. The trial court 
announced the verdict from the bench, terminated the parental rights of the 
fathers of the children, and denied the motions to dismiss. The trial court did 
not render judgment on Higdon’s parental rights or Ludwig’s intervention. The 
trial court scheduled a hearing for August 11, 2004, to enter the final decree 
terminating Higdon’s parental rights, but the trial court never signed the 
decree.
On August 11, 
2004 and August 12, 2004, Ludwig and Higdon, respectively, filed petitions for 
writ of mandamus with the court of appeals seeking to compel the trial court to 
dismiss the case for failure to render a final order before the dismissal date. 
On October 21, 2004, the court of appeals granted mandamus relief and ordered 
the trial court to dismiss the Department’s case. On November 18, 2004, the 
court of appeals denied the Department’s motion for rehearing, correctly noting 
that Ludwig’s intervention would be unaffected by the dismissal of the 
Department’s SAPCR. The next day, the Department filed a petition for writ of 
mandamus in this Court and a motion to stay further proceedings. This Court 
granted the motion to stay.
Mandamus 
relief is proper only to correct a clear abuse of discretion when there is no 
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 
124, 135‑36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 
(Tex. 1992). The issuance of mandamus by the court of appeals is improper if the 
trial court did not abuse its discretion or if the record fails to demonstrate 
the lack of an adequate remedy on appeal. In re Prudential, 148 S.W.3d at 
135‑36; Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 
1985). A trial court abuses its discretion when it clearly fails to correctly 
apply the law. Walker, 827 S.W.2d at 839-40. 
In construing 
a statute, our objective is to determine and give effect to the Legislature’s 
intent. McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex. 2003). To 
determine the Legislature’s intent, we look to the statute’s plain language and 
the common meaning of the statute’s words. Id. Subsection 263.401(a) of 
the Texas Family Code requires a trial court to dismiss a SAPCR filed by the 
Department if a final order has not been rendered by the first Monday after the 
one-year anniversary of the date when the trial court appointed the Department 
temporary managing conservator. The statute allows a maximum extension of 180 
days. Tex. Fam. Code § 
263.401(b), (c). If the trial court has not rendered a final order at the 
expiration of the additional 180 days, the court must dismiss the SAPCR. 
Id. § 263.401(c). Section 263.403, entitled “Monitored Return of Child to 
Parent,” provides an exception to the dismissal rule, but it is not applicable 
to this case.
Higdon argues 
the time period described in subsection 263.401(a) began running on the day the 
trial court entered its ex parte orders. She calculates the first Monday after 
the one-year anniversary of the January 23, 2003 ex parte order as January 26, 
2004. After adding a 180-day extension, she argues the dismissal deadline was 
Saturday, July 24, 2004. The Department argues that the January 23, 2003 ex 
parte order that gave the Department temporary conservatorship did not trigger 
the section 263.401 time period. Instead, the Department contends that the 
period began after the August 11, 2003 hearing, making the dismissal deadline 
August 15, 2004. 
The 
Department obtained temporary managing conservatorship on January 23, 2003. 
Nothing in the statute excludes the Department’s fourteen-day conservatorship 
obtained through the ex parte order from the calculation of the dismissal 
deadline in section 263.401. We therefore determine the deadline to be the date 
of the Monday following the one-year anniversary of January 23, 2003, which is 
January 26, 2004.
On January 
26, 2004, the trial court held a permanency hearing at which the court concluded 
that a 180-day extension of this dismissal deadline was in the best interest of 
the children, as permitted by subsection 263.401(b) of the Texas Family Code and 
set the dismissal date for July 24, 2004. We agree that July 24, 2004 was the 
dismissal deadline for the Department’s SAPCR. The trial court erred when it 
failed to render a final order by that deadline.
Parties may 
waive complaints about a trial court’s failure to render a timely final order. 
Section 263.402 describes the vehicles by which a party can obtain a dismissal: 
a timely motion to dismiss or a motion requesting the court to render a final 
order before the deadline for dismissal. A timely motion to dismiss must be 
filed before the Department introduces all of its evidence, other than rebuttal 
evidence. Tex. Fam. Code § 
263.402(b). A motion requesting the court to render a final order must be made 
before the dismissal deadline passes. Id. The Department argues 
that Ludwig’s and Higdon’s motions to dismiss were not timely made. 
On July 19, 
2004, the trial began. On Thursday, July 22, 2004, Ludwig and Higdon made 
motions to dismiss based on the Saturday, July 24 dismissal deadline. The 
Department rested its case on Friday, July 23. On Wednesday, July 28, 2004, the 
jury returned a unanimous verdict terminating the parent-child relationship 
between Higdon and each child and appointing the Department, rather than Ludwig, 
sole managing conservator of the children. The trial court read the verdict, 
terminated the parental rights of the fathers, and denied both motions to 
dismiss. Higdon and Ludwig complied with the statutory deadline by filing before 
the Department rested and had ripe motions to dismiss before the trial court 
when the deadline passed. The trial court abused its discretion by failing to 
dismiss the Department’s SAPCR within the statutory time period as requested by 
Higdon’s and Ludwig’s timely motions. 
Now we must 
determine whether the court of appeals correctly concluded that Higdon and 
Ludwig had no adequate remedy by appeal and were therefore entitled to mandamus 
relief. Although we have recognized that the standard’s “operative word, 
‘adequate’, has no comprehensive definition” and demands a “careful balance of 
jurisprudential considerations that determine when appellate courts will use 
original mandamus proceedings to review the actions of lower courts,” mandamus 
will not issue when the law provides another plain, adequate, and complete 
remedy. In re Prudential, 148 S.W.3d at 135‑36; see also Iley v. 
Hughes, 311 S.W.2d 648, 652 (Tex. 1958). 
However, 
“[j]ustice demands a speedy resolution” in cases involving child custody. See 
Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987). In fact, we have 
acknowledged that appeal “is frequently inadequate to protect the rights of 
parents and children . . . .” Id. (granting mandamus relief for a 
trial court’s failure to transfer custody dispute to the required venue). The 
Legislature enacted section 263.405, which provides an accelerated appeal that 
shortens deadlines, expedites filing of the appellate record, and requires the 
appellate court to “render its final order or judgment with the least possible 
delay,” to address this concern. Tex. 
Fam. Code § 263.405(a); see House Comm. On Juvenile Justice & Family 
Issues, Bill Analysis, 
Tex. H.B. 2249, 77th Leg., R.S. (2001) (“House bill 2249 addresses post-judgment 
appellate delays . . . .”); see also Tex. Fam. Code § 263.405 (expediting 
appeals of final orders rendered under subchapter E “Final Order for Child under 
Department Care”); id. § 263.304 (authorizing parties to seek mandamus 
relief to compel a court to comply with certain duties). Texas Rule of Appellate 
Procedure 28 provides other mechanisms for expediting appeals involving the 
termination of parental rights. 
In this case, 
Higdon and Ludwig filed their motions to dismiss during trial. Because the trial 
was underway when the dismissal deadline passed and because physical possession 
of the children had already transferred to the Department when the petition for 
writ of mandamus was filed with the court of appeals, we conclude that an 
accelerated appeal provided an adequate remedy in this case. We do not hold that 
a party complaining of a trial court’s failure to dismiss a SAPCR within the 
statutory deadline could never be entitled to mandamus relief, but under the 
facts of this case, we cannot conclude that an accelerated appeal was not an 
adequate remedy. Impending transfer of physical possession of the children or a 
trial court’s unreasonable delay in entering a final decree might alter this 
conclusion, but this record raises neither situation. In fact, assuming the 
trial court entered the final decree at the scheduled August 11, 2004 hearing, 
Ludwig and Higdon could have initiated an accelerated appeal under section 
263.403 of the Texas Family Code on the same day they filed their petitions for 
writ of mandamus.
We recognize 
that in particular cases the statute could work injustice or encourage 
gamesmanship to push litigation beyond the deadline. We presume the Legislature 
recognized this also. But the Legislature also recognized that a statutory 
deadline would expedite the trial of these cases to help provide a modicum of 
certainty for children whose family situations are subject to the outcomes in 
these proceedings. It is not the Court’s task to choose between competing 
policies addressed by legislative drafting. See McIntyre, 109 S.W.3d at 
748. We apply the mandates in the statute as written.
For these 
reasons, we conclude that the court of appeals erred in granting Ludwig’s and 
Higdon’s petitions for writ of mandamus. We conditionally grant the Department’s 
petition for writ of mandamus because Higdon and Ludwig had an adequate remedy 
by appeal. Pursuant to Texas Rule of Appellate Procedure 52.8(c) and without 
hearing oral argument, we direct the court of appeals to vacate its order to the 
trial court directing the trial court to dismiss the case. The writ will issue 
only if the court of appeals does not comply.
 
OPINION 
DELIVERED: September 22, 2006