NO. 07-07-0290-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 23, 2007

_____

IN RE LISA GORE AND GLENN ALAN GORE, RELATORS

_____

**ON PETITION FOR WRIT OF MANDAMUS**

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In this original proceeding, Relators, Lisa Gore and Glenn Alan Gore, seek to have this Court issue a writ of mandamus commanding the Honorable Robert W. Kinkaid, Jr., presiding judge of the 64th District Court, to rescind the *Order Transferring Suit Affecting the Parent-Child Relationship (*SAPCR*),* entered by the trial court on June 12, 2007, in the underlying SAPCR action. The Texas Department of Family and Protective Services (hereinafter the Department) has candidly filed a response wherein it acknowledges that it has been unable to find any "authority or argument to controvert the allegations and arguments set forth in Relators' Petition for Writ of Mandamus." We conditionally grant Relators' petition.

## Background

The underlying SAPCR action was originally filed by the Department in 1999. The original court of continuing jurisdiction was the 320th District Court in and for Potter County, Texas. In that action, the Department was named managing conservator of the minor child, Tykaier Gardner, and the Department subsequently placed the child in the foster care of Relators, Lisa and Glenn Gore. After the child had lived in their home for more than six years, on June 19, 2006, Relators filed a petition seeking termination of the parent-child relationship between the child and her parents. The petition was originally filed in the 320th District Court of Potter County; however, it was subsequently transferred to the 64th District Court of Swisher County by order dated November 3, 2006. At the time the case was transferred from Potter County to Swisher County, the child the subject of the proceeding had resided in Swisher County for more than six years and the Department and the attorney ad litem for the child agreed to the transfer. The Department later sought a discretionary transfer of the case back to the 320th District Court and on June 12, 2007, Respondent, the Honorable Robert W. Kinkaid, Jr., entered an order granting the Department's motion. Relators opposed the entry of that order and now seek to have this Court compel Respondent to rescind that order.

## Standard of Review

A writ of mandamus will only issue to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal, and the relators have the burden to present the appellate court with a record sufficient to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding); *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Transfer of a SAPCR action to a county where the child has resided for more than six months is a mandatory ministerial duty under § 155.201(b) of the Texas Family Code. *Proffer v. Yates,* 734 S.W.2d 671, 672 (Tex. 1987) (orig. proceeding); *In re Leder,* __S.W.3d__, 2007 WL 1953877, at *2 (Tex.App.–Houston [1st Dist.] July 6, 2007) (orig. proceeding). Mandamus relief is available to compel the mandatory transfer of a SAPCR action. *Proffer,* 734 S.W.2d at 672.

Because it was undisputed that the child the subject of the underlying SAPCR action had resided in Swisher County more than six months, Swisher County was the only county of proper venue and the case should not have been transferred based upon a motion for discretionary transfer. Mandamus is the proper remedy to complain of an erroneous or improper transfer once the transferring court has lost its plenary power over the case. *Proffer,* 757 S.W.2d at 673. Based upon the above and foregoing, we find that Respondent abused his discretion by granting the Department's motion to transfer venue to Potter County. Accordingly, Relators' Petition for Writ of Mandamus is conditionally

3

granted and Respondent is directed to rescind the June 12, 2007 order transferring venue to Potter County.  Because we are confident that Respondent will enter an order effectively rescinding that order, the writ will issue only if he fails to do so.

Patrick A. Pirtle
Justice