Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed September 4, 2007








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed
September 4, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00662-CV

____________

 

IN RE TONY L. SHIPMAN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relator Tony L. Shipman seeks a writ of
mandamus compelling the respondent, Michael H. Schneider, presiding judge of
the 315th District Court of Harris County, (1) to rescind his August 8, 2007
order for removal of the child (Charles Matthew Sikorski) from the relator=s home, and (2) to dismiss the
underlying lawsuit pursuant to certain provisions of the Texas Family Code.  We
conditionally grant the writ.

Underlying Facts and Procedural History








In early
August of 2005, the Texas Department of Family and Protective Services (ADFPS@) filed the underlying action against
the child=s mother, seeking to terminate her parental rights under Chapter 262 of
the Texas Family Code.  See Tex.
Family Code Ann. ' 262.001 et seq. (Vernon 2002 & Supp. 2006).  On
August 8, the trial court entered a temporary order naming DFPS the sole
managing conservator of the child.  Pursuant to Section 263.401(a) of the
Family Code, the action was subject to dismissal on August 14, 2006 unless a
final order had been entered or an extension granted under Section 263.401(b). Id.
' 263.401 (Vernon Supp. 2006).

Shipman
appeared in the proceeding in December of 2005, requesting adjudication of his
parentage.  On April 6, 2006, Shipman was adjudicated to be the father of the
child and granted limited rights of possession.  

On
August 7, 2006, the trial court entered an order extending the dismissal date
for the action by an additional 180 days. Containing findings that there was
good cause for the extension, and that the extension was in the best interest
of the child, and for his safety and welfare, the order satisfied the
requirements of Section 263.401(b).  Id.  Pursuant to the order, the new
dismissal date for the action was January 26, 2007.

As the
new dismissal date approached, Shipman, the child=s mother, DFPS, and an attorney ad
litem that had been appointed to represent the child were discussing placement
of the child with Shipman, who lives in Latah County, Idaho.  Ultimately, on
January 31, 2007, the trial court entered a temporary order, pursuant to Family
Code Section 263.403(a), placing the child with Shipman and ordering DFPS to
monitor the placement.  Id. ' 263.403(a) (Vernon 2002).  As
allowed by Section 263.403(b), the temporary order extended the dismissal date
for the suit to August 8, 2007.  Id. at (b).[1]








On July
11, 2007, the attorney ad litem for the child filed a motion for removal of the
child from Shipman=s possession.  On August 8, at a hearing on the motion, the
attorney ad litem presented a letter from a prosecuting attorney for Latah
County, Idaho.  In the letter, written to the attorney ad litem and dated
August 3, the prosecutor stated:

I am
writing . . . regarding a pending Latah County Sheriff=s investigation involving allegations of unlawful use
of a firearm by Tony Shipman.  This investigation is still in progress.  I
have, however, spoken with the Detective Sergeant who has reviewed the case
file as it exists to date. [He] advises that based on the information to date,
the Sheriff=s Office plans to refer the matter to my office with a
recommendation for charges of at least unlawful exhibition of a deadly weapon. 
This, of course, is subject to change depending on whatever additional
information may be obtained.  In that regard, I understand that the Sheriff=s Office investigator still hopes to interview some
collateral witnesses, and that Mr. Shipman and his Idaho attorney are planning
on meeting with the investigator as well.

Shipman objected to the
introduction of the letter into evidence, on the basis that it constitutes
hearsay and hearsay within hearsay.  Tex.
R. Evid. 802, 805.  The trial court did not rule on the objection.  

After
the hearing, but on the same date, August 8, 2007, the trial court entered an
order, under Family Code Section 263.403(c), for removal of the child from
Shipman=s home and into the possession of
DFPS (Athe August 8 order@).  Tex.
Family Code Ann. '263.403(c) (Vernon 2002).  Included in the August 8 order
were these findings:

$                  
[B]ased upon the
credibility of the witnesses heard, probable cause exists to believe that, at
this time, the present placement of the child [] in the home of Tony Shipman is
not meeting the physical and emotional needs of the child and that it is in the
best interests of the child for him to be returned forthwith to the State of
Texas and back into the continued conservatorship and the care, custody, and
control of [DFPS].








$                  
[P]robable cause
exists to believe that Tony Shipman has failed to follow specific orders of
this Court.  Furthermore, based upon the information provided to the Court that
criminal charges are likely to be brought against Tony Shipman in Idaho, the
Court finds that probable cause exists that certain acts of Tony Shipman have
endangered the physical health and emotional well-being of the child while the
child was in the home of Tony Shipman.

The August 8 order
extended the dismissal date for the action to February 1, 2008, pursuant to Section
263.403(d).  Id. at (d).

Issue Presented

Shipman
contends the trial court abused its discretion by (1) entering the August 8
order because there was no evidence to support removal of the child from his
possession under Family Code Section 263.403(c); and (2) failing to dismiss the
underlying proceeding on August 8, 2007.  He further alleges that mandamus
review is required because an appeal upon entry of final judgment would be an
inadequate remedy for the trial court=s abuse of discretion.

Standard of Review

Mandamus
relief is available upon two showings.  First, the party seeking mandamus
relief must show that the trial court abused its discretion.  See In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135B36 (Tex. 2004) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839B40 (Tex. 1992) (orig. proceeding).  A
trial court abuses its discretion if it clearly fails to correctly analyze or
apply the law.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005).  The party requesting mandamus relief must establish that the
trial court could have reached but one decision, given the facts existing and law
applicable to the case.  Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985) (orig. proceeding).








Second,
and even where the party requesting relief has demonstrated that the trial
court committed a clear abuse of discretion, the extraordinary remedy of
mandamus is not available if the aggrieved party may obtain relief via standard
appellate channels.  Walker, 827 S.W.2d at 840B44.  That a party may incur
additional expense or suffer delay in asserting or achieving a remedy by appeal
does not necessarily render that remedy inadequate.  Id. at 842.

Analysis

A.        Did the trial court abuse its discretion by
entering the August 8 order removing the child from his father=s possession and extending the dismissal date for the
suit?

At the
time of the August 8 order, the child was living with Shipman in Shipman=s Idaho home pursuant to an earlier
order entered in accordance with Family Code Section 263.401(a).  Id. '263.401(a) (Vernon 2002).  The stated
basis for the August 8 order removing the child from Shipman=s home is Section 263.403(c), which
provides:

If a child
placed with a parent under this section must be moved from that home by the
department before the dismissal of the suit or the rendering of a final order,
the court shall, at the time of the move, schedule a new date for dismissal of
the suit.  The new dismissal date may not be later than the original dismissal
date established under Section 263.401 or the 180th day after the date the
child is moved under this subsection, whichever date is later.

Id. '263.403(c).  The trial court was
correct that entry of an order under this section would justify extension of
the dismissal date, and the dismissal date stated in the August 8 order
comports with the provisions for extension.  However, entry of the August 8
order was improper and cannot serve as justification for extension of the
dismissal date.

Shipman
complains in his petition for writ of mandamus that the trial court relied, in
entering the order of removal, on the contents of the letter from the Idaho
prosecuting attorney, to which letter he had lodged a hearsay objection. 
Because the trial court had not ruled on the objection, and thus had not
affirmatively admitted the letter into evidence, Shipman contends that there is
no evidence to support the August 8 order.








Whether
the letter was properly or improperly considered, which we do not decide, the
evidence does not support entry of an order under Section 263.403(c) removing
the child from Shipman=s possession.  The letter states that charges may be
brought against Shipman for unlawful exhibition of a firearm, but it is equally
apparent from the contents of the letter that charges may not be
brought.  This hardly constitutes evidence that the child Amust be moved from [Shipman=s] home,@ which is the prerequisite to entry
of any order removing the child from Shipman=s existing and lawful possession
under Section 263.401(a).[2]  There is no
other evidence in the record.  Accordingly, we agree with Shipman that the
trial court abused its discretion by entering the order for removal of the
child from his possession.

An order
under Section 263.403(c) for removal of the child from Shipman=s possession, which had been established
under Section 263.403(a), is the sole basis on which the dismissal date of this
proceeding could have been extended.  Because the August 8 order of removal is
not valid under Section 263.403(c), it cannot properly serve as the basis for
an extension of the lawsuit=s dismissal date.  Under the last governing dismissal date,
the suit was subject to dismissal on August 8, 2007.  There being no valid
basis for extension of that deadline, we agree with Shipman that the trial
court abused its discretion by failing to dismiss the action under Section
263.403(b) on August 8, 2007.

B.        Does Shipman have an adequate appellate
remedy for the trial court=s abuse of discretion in ordering removal of the child and failing to
dismiss the underlying suit?








The
Texas Supreme Court has acknowledged that appeal Ais frequently inadequate to protect
the rights of parents and children . . . .@  Proffer v. Yates, 734 S.W.2d
671, 673 (Tex. 1983) (orig. proceeding) (quoted in In re Tex. Dep=t of Family & Protective Servs., 210 S.W.3d 609, 613 (Tex. 2006)
(orig. proceeding) [AIn re TDFPS@]).  In In re TDFPS, the
Supreme Court agreed that the trial court had abused its discretion by failing
to dismiss, on the statutorily prescribed date, the underlying suit affecting a
parent-child relationship, but disagreed with the court of appeals= issuance of mandamus relief.  The
trial court had entered a final judgment 20 days after the original dismissal
date and only 2 days after the petition for writ of mandamus had been filed. 
Because an accelerated appeal from that appeal could have been prosecuted in
virtually the same time as the mandamus petition, the Court reasoned that the
appellate remedy was adequate.  The Supreme Court granted a writ of mandamus
compelling the court of appeals to vacate its writ of mandamus directing the
trial court to dismiss the case.  

The
procedural circumstances of this case differ markedly from those existing in In
re TDFPS.  Here, the court refused to dismiss the case on the pending
deadline and entered a temporary order onto which it piggy-backed an extension
of the deadline.[3]   Shipman
does not have a final judgment from which to appeal, and indeed the ultimate
final judgment may be in his favor and not give him the right to appeal.  So,
while this proceeding should, by statute, have been dismissed and the child
left in his care, Shipman now suffers (1)  indefinite continuation of a
proceeding that could gravely affect his parental rights, and (2) pendency of
an order, unsupported by evidence, that he relinquish possession of his child. 
As even the In re TDFPS majority stated,








We do not hold that a party complaining of a trial
court=s failure to dismiss a [suit affecting the parent-child
relationship] within the statutory deadline could never be entitled to mandamus
relief, but under the facts of this case, we cannot conclude that an
accelerated appeal was not an adequate remedy.  Impending transfer of
physical possession of the children or a trial court=s unreasonable delay in entering a final decree might
alter this conclusion, but this
record raises neither concern.

In re TDFPS, 210 S.W.3d at 614 (emphasis added); see also id. at
615 (O=Neill, J., dissenting) (AI seriously doubt that the Court
would question the propriety of mandamus relief if, for example, the trial
court had denied [the] motion to dismiss and issued a six-month continuance.@).  

Under both the majority and
dissenting views in In re TDFPS, an appellate remedy is not adequate to
address a court=s wrongful failure to dismiss a suit affecting the
parent-child relationship when there is Aimpending transfer of physical
possession@and anything other than entry of a judgment from which arises an
immediate right of appeal.  Accordingly, we find that Shipman does not have an
adequate remedy by appeal for the trial court=s abuse of discretion in failing to
dismiss the underlying suit.  

Conclusion

Shipman is entitled to relief by writ
of mandamus from the August 8 order, having shown (1) that the trial court
committed a clear abuse of discretion in ordering removal of the child from
Shipman=s home and extending the dismissal
deadline, and (2) that he has no adequate remedy by appeal.  Therefore,
pursuant to Texas Rule of Appellate Procedure 52.8(c) and without hearing oral
argument, we direct the trial court to vacate its August 8 order removing the
child from Shipman=s possession into the possession of DFPS and extending the
dismissal deadline for the suit.  We also direct the trial court to dismiss the
underlying lawsuit pursuant to the dismissal provisions of the Texas Family
Code discussed in this opinion.  The writ will issue only if the trial court
does not comply. 

 

PER CURIAM

Petition
Conditionally Granted and Memorandum Opinion filed September 4, 2007.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.









[1]Normally, only one extension is possible for an action
brought by a governmental entity.  See Tex.
Family Code Ann. '263.401.  Section 263.403 provides exception to this rule,
when a child is returned to the possession of a parent with monitoring by DFPS.





[2]Indeed, more than one party at the hearing suggested
that the removal order could be entered (and the dismissal date thus extended)
but that the actual removal of the child from Shipman=s possession could be delayed until charges, if any,
were actually brought against him.  Clearly, on August 8, it can not be said,
and in fact was not said, that the child Amust
be moved from [Shipman=s] home.@





[3]We do not suggest that the trial court acted other
than with the best interests of the child in mind.  However, it appears that
the court was more interested in extending the dismissal deadline, in order to
retain jurisdiction in case something occurred to warrant removing the
child from Shipman=s possession, than in assessing whether such removal
was actually contemporaneously warranted.