In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00007-CR


______________________________




CHARLES WHITLEY MICK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0618765




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Charles Whitley Mick appeals from his conviction by a jury for indecency with a child with
J.H. The jury assessed his punishment at twenty years' imprisonment and a $10,000.00 fine. Mick
presently has five other convictions currently on appeal before this Court. (1)

 On appeal, Mick contends the trial court erred by admitting a video recording of an interview
by a state worker with another alleged victim, M.M. (2) He argues that this error is reversible because
it leaves grave doubt that his conviction was free from the substantial influence of the error. We addressed this issue in detail in our opinion of this date on his appeal in cause number
06-07-00004-CR. For the reasons stated therein, we likewise conclude that error has not been
shown.



 We affirm the judgment. 


 Jack Carter

 Justice


Date Submitted: May 30, 2008

Date Decided: June 2, 2008


Do Not Publish



1. Mick appeals from six convictions. In 06-07-00004-CR, he was convicted of aggravated
sexual assault on M.M. and sentenced to forty years' imprisonment (concurrent). In cause number
06-07-00005-CR, he was convicted of aggravated sexual assault on M.M. and sentenced to forty
years' imprisonment (concurrent). In cause number 06-07-00006-CR, he was convicted for
indecency with a child with J.H. and sentenced to twenty years' imprisonment (concurrent). In cause
number 06-07-00007-CR, he was convicted of indecency with a child with J.H. and sentenced to
twenty years' imprisonment (concurrent). In cause number 06-07-00008-CR, he was convicted of
one count of indecency with a child with J.H. and sentenced to twenty years' imprisonment
(concurrent), and one count of aggravated sexual assault on a child with J.H. and sentenced to forty
years' imprisonment (consecutive to 0618762 (06-07-00004-CR)). In cause number 06-07-00009-CR, Mick was convicted of one count of aggravated sexual assault on J.H. and sentenced to forty
years' imprisonment (concurrent), and one count of indecency with a child with J.H. and sentenced
to twenty years' imprisonment (concurrent). In each conviction, the jury also assessed a $10,000.00
fine. 
2. Mick does not present a Confrontation Clause issue--M.M. testified at the trial. 


ef without a showing of inadequate remedy
by appeal. In re Tex. Ass'n of Sch. Bds., Inc., 169 S.W.3d 653, 656 (Tex. 2005); see Tex. Fam.Code
Ann. § 155.204(h) (Vernon Supp. 2006) (providing that denial of mandatory transfer is not subject
to interlocutory appeal). (2) 

 Transfer of a SAPCR action to a county where the child has resided for more than six months
is a mandatory ministerial duty under Section 155.201(b) of the Texas Family Code. Proffer v.
Yates, 734 S.W.2d 671, 672 (Tex. 1987) (orig. proceeding); In re Leder, No. 01-07-00453-CV, 2007
WL 1953877, at *2 (Tex. App.--Houston [1st Dist.] July 6, 2007, orig. proceeding). Mandamus
relief is available to compel the mandatory transfer of a SAPCR action. Proffer, 734 S.W.2d at 672.

III. The Department's Contentions

 Even though it is undisputed that the children the subject of the underlying SAPCR action
had lived with the Kersts in Bowie County more than six months, the Department suggests several
reasons that the Court should deny the petition for writ of mandamus. 




 A. Forum Non Conveniens

 The stated reason in the controverting affidavit was based on forum non conveniens. The
Department has not presented any authority, nor have we found any, that forum non conveniens may
be relied on to deny the mandatory transfer of the proceedings. 

 B. Legislative Intent

 At oral argument, the Department urged that the Legislature never intended for proceedings
to be transferred to the county where the foster parents resided with the children. The argument is
that, until the statute was amended, foster parents had no standing to assert these rights and, when
the Legislature granted such standing, it was not contemplated that foster parents would be allowed
to seek and obtain a transfer to the county where they resided with the children. The Department did
not furnish any legislative history to substantiate that position. Statutory construction is a legal
question that we review de novo, ascertaining and giving effect to the Legislature's intent as
expressed by the plain and common meaning of the statute's words. F.F.P. Operating Partners, L.P.
v. Duenez, No. 02-0381, 2007 Tex. LEXIS 432 (Tex. May 11, 2007) (citing Tex. Dep't of Transp.
v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004)). If a statute's meaning is unambiguous,
we generally interpret the statute according to its plain meaning. City of San Antonio v. City of
Boerne, 111 S.W.3d 22, 25-26 (Tex. 2003). The statute requiring the mandatory transfer of a
SAPCR action to the county where the child has resided for six months or longer is straightforward
and clear. See Dallas County Cmty. College Dist. v. Bolton, 185 S.W.3d 868, 874 (Tex. 2005) ("we
decline to imply a legislative intent that is not reflected in the language of the statute . . . ."). Finding
the statute's meaning to be clear and unambiguous, we decline to accept the Department's invitation
to surmise that the statute has some other meaning.

 C. Proper County for Transfer

 The Department further argues that Bowie County is not a proper county for the transfer
because the Kersts could not file an original SAPCR action there. Citing Section 103.001 of the 
Texas Family Code, the Department argues that Bowie County would not be a county of proper
venue for the Kersts to file an original petition, and therefore it was not a proper county for transfer. 
However, this is not an original filing, but a motion to modify and transfer. To support its argument,
the Department cites Pratt v. Texas Department of Human Resources, 614 S.W.2d 490 (Tex. App.--
Amarillo 1981, writ ref'd n.r.e.). At the time Pratt was decided, the transfer statute required a
showing that venue was proper in another county. (3) In Pratt the Amarillo court found that the "length
of residence in Potter County is immaterial, however, until venue has been established under one of
the subdivisions of section 11.04" (the statute governing filing of original SAPCR petitions). Id. at
493. Since Pratt was decided, the statute has been amended and Section 155.201(b) no longer
requires a showing by the movant that he or she would be entitled to file an original petition in the
court to which the case is being transferred. It merely states that the court "shall . . . transfer the
proceeding to another county in this state if the child has resided in the other county for six months
or longer." 

 D. Residency

 Finally, the Department argues that the children did not "reside" in Bowie County, but were
placed there merely for foster care (even though the Kersts have been attempting to adopt). (4) In these
circumstances, we believe the children "resided" with the Kersts for the requisite time. (5) These
children had only one home for the past sixteen months--with the Kersts. It cannot be argued that
they were only temporarily absent from another, more permanent residence, since these children had
no other home or residence. Their natural parents' rights had been terminated. The only home these
children had was with the Kersts. The only case which has facts similar to this is In re Gore, No.
07-07-00290-CV, 2007 WL 2403366 (Tex. App.--Amarillo Aug. 23, 2007, orig. proceeding). In
Gore the child had lived with foster parents in Swisher County for more than six years. The
Amarillo court held that, since it was undisputed that the child "had resided in Swisher County for
more than six months," it was proper to transfer the case to Swisher County. Id. Likewise, we
believe that these children had resided in Bowie County for more than six months. (6) 

 Accordingly, Relators' petition for writ of mandamus is conditionally granted and Respondent
is directed to issue an order transferring the proceeding concerning the two involved children to
Bowie County. Because we are confident that Respondent will enter an order to that effect, we will
issue the writ only if he fails to do so.



 Jack Carter

 Justice


Date Submitted: October 15, 2007

Date Decided: October 26, 2007 















1. Adding to the difficulty, the Kersts filed an original suit for adoption of the two children in
Bowie County before filing the motion to modify and transfer in Hopkins County. In that petition,
it was alleged that no court had continuing jurisdiction of this case, which was blatantly wrong. At
the hearing on the motion to transfer, the Kersts' trial attorney assumed responsibility for pleading
that no other court had jurisdiction and admitted it was erroneous and apologized to the court. The
attorney further stated that he had filed the Bowie County action as an emergency proceeding
pursuant to Section 152.204 of the Texas Family Code. See Tex. Fam. Code Ann. § 152.204
(Vernon 2002). That section is a part of the Uniform Child Custody Jurisdiction and Enforcement
Act which governs the jurisdiction of children when there is a question concerning which state has
jurisdiction of a child. Section 152.204 allows a court in Texas to assume jurisdiction of a child if
the child is present in Texas and has been abandoned or subjected to mistreatment or abuse. Here,
a Texas court undisputedly had jurisdiction of the children--if a true emergency existed, that court
was the proper one to act. While this original adoption filing in Bowie County may have,
understandably, caused irritation, in the analysis of this motion to transfer, it is irrelevant. 
2. Courts have held that, in a SAPCR action, the Texas Family Code's transfer provisions
supplant the Texas Rules of Procedure and venue statutes, which govern venue challenges in other
types of civil cases. Leonard v. Paxson, 654 S.W.2d 440, 441 (Tex. 1983). 
3. See Tex. Fam. Code Ann. § 11.06 (Vernon 1986) (repealed) ("the court shall transfer the
proceeding to the county where venue is proper . . . .").
4. According to the Court Appointed Special Advocate (CASA) report of September 21, 2007,
the children were placed with the Kersts as "foster/adopt placement." 
5. We look to a child's principal residence during the six-month period preceding the
commencement of the suit. Tex. Fam. Code Ann. § 155.203 (Vernon 2002).
6. Neither party has argued the effect of Section 153.371(10), which gives to the authorized
agency having managing conservatorship of a child the right to "designate the primary residence of
the child . . . ." Generally, one designates residence by selecting a home and living in it. Here the
Department designated that the children would live at the Kersts' home, where they remained for
seventeen months. It was their principal residence for the six-month period preceding the
commencement of the suit to modify. See Tex. Fam. Code Ann. § 153.371(10) (Vernon Supp.
2006).