

# NUMBER 13-23-00220-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHRISTOPHER M. VICKERS

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Chief Justice Contreras[1]**

In this original proceeding, relator Christopher M. Vickers asserts that the trial court abused its discretion by refusing to grant a mandatory transfer of venue under the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 103.001(a), (c), 155.201(b), (d), 155.204(b), (c), (d).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam); *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
23rd day of June, 2023.

2