

# NUMBER 13-24-00320-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE J.G. AND B.G.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria[1]**

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

By petition for writ of mandamus, relators J.G. and B.G.[2] contend by one issue that the trial court abused its discretion by failing to grant a mandatory transfer of venue from Aransas County to Starr County pursuant to Texas Family Code § 155.201 because they filed a timely motion to transfer venue, the evidence established that the minor child had resided in Starr County for more than six months, and no controverting affidavit was filed. *See* Tex. Fam. Code Ann. § 155.201. We deny relief.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is available to compel the mandatory transfer of venue in a suit affecting the parent-child relationship because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam); *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by the Texas Department of Family and Protective Services and

---

[2] Relators captioned their petition for writ of mandamus as "*In the Interest of B.G.L.*"; however, we have modified the style for this original proceeding in accordance with the rules of appellate procedure. *See* Tex. R. App. P. 52.1 (providing that a petition filed in an original appellate proceeding "must be captioned '*In re* [name of relator].'"); *id.* R. 52.2 ("The party seeking the relief is the relator."). Given the nature of the case, we use pseudonyms for the parties. *See id.* R. 9.8.

attorney ad litem Kelsey Linscomb, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
15th day of July, 2024.