**In re Arturo VILLARREAL.**

No. 04-03-00646-CV.

Court of Appeals of Texas, San Antonio.

Nov. 19, 2003.

Jeff Small, Law Office of Jeff Small, Jose Felix Gonzalez, Watkins, Cichowski & Gonzalez, P.C., San Antonio, for appellant.

---

Justine M. Daly, Law Office of Justine M. Daly, San Antonio, Esther Anderson, Benson & Anderson, L.L.P., Jeffrey H. Marsh, Marsh Law Firm, Roy Camberg, Camberg Law Firm, P.C., Houston, Greg Abbott, Austin, for appellee.

Greg Abbott, for The Office of the Attorney General of Texas.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

In this child custody case, Relator Arturo Villarreal filed a petition for writ of habeas corpus in the trial court, arguing that as his children's sole living parent, he has an immediate right to possession of his children. The trial court denied Villarreal's petition. In response, Villarreal filed a petition for writ of mandamus, requesting that we direct the trial court to vacate its order denying the petition for writ of habeas corpus.

Villarreal also filed a motion for emergency stay. According to Villarreal, Maria Torres Trevino, the children's maternal grandmother, had filed a motion to transfer the custody case from Bexar County to Harris County based on the residency of the children. *See* TEX. FAM.CODE ANN. § 155.201(b) (Vernon 2002) (providing for mandatory transfer of proceeding "to another county in this state if the child has resided in the other county for six months or longer"). Villarreal represented that Trevino's motion would be heard on September 3, 2003 in Bexar County District Court. On August 29, 2003, we denied Trevino's motion for emergency stay.

On October 21, 2003, we ordered Villarreal and Trevino to file written proof within ten days answering the following questions: (1) At the September 3, 2003 hearing, did the trial court grant or deny Trevino's motion to transfer? and (2) If the trial court transferred the underlying case to Harris County, do we still have jurisdiction over this petition for writ of mandamus?

In response to our order, both parties represent that the underlying suit has been transferred to Harris County. And, both parties believe that we have lost jurisdiction over this mandamus as a result. We agree. Section 22.221 of the Texas Government Code gives us power to issue writs of mandamus against a judge of a district or county court *in the court of appeals district.* TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2003). Here, even if we assume that Villarreal's petition for writ of mandamus has merit, we have no authority to issue a writ against a district judge in Harris County. Moreover, if we issue the writ against the Honorable Michael P. Peden, the Bexar County District Judge who denied Villarreal's petition for writ of habeas corpus, Judge Peden, now that the case has been transferred to Harris County, has no authority to vacate his prior order. For these reasons, we dismiss this petition for writ of mandamus for lack of jurisdiction.