# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00143-CV

**Russell Silverman, Appellant**

**v.**

**Damaris Johnson, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C2005-0490A, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## O P I N I O N

This is a suit affecting the parent-child relationship. After the district court entered a final divorce decree, appellant Russell Silverman filed a petition to modify the prior order as well as a motion to transfer venue pursuant to section 155.201 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 155.201(b) (West 2008) (providing that, on timely motion, court shall transfer proceeding to county in which child has resided for six months or longer). The district court dismissed Silverman's petition based on his failure to comply with a condition precedent for filing an action for modification as set out in the divorce decree. We hold that it was an abuse of discretion to dismiss the suit when transfer was required by statute. We reverse and remand.

Silverman and appellee Damaris Johnson divorced in March 2006. The parties entered an agreed divorce decree appointing Johnson as the sole managing conservator of the couple's 11-year-old son R.S., and Silverman as possessory conservator.

The decree included the following provision:

> It is agreed that prior to the Respondent being able to sustain any action in court for modification of conservatorship, custody or the terms and conditions for visitation, Russell Scott Silverman shall pay a sum of five thousand dollars ($5000.00) to Damaris Jeanette Silverman for her initial attorneys' fees in defending such a suit. If Russell Scott Silverman brings an action for modification without first paying Damaris Jeanette Silverman five thousand dollars ($5000.00), his action will be promptly dismissed with prejudice, sanction Russell Scott Silverman and the attorney who represents him bringing this suit and a judgment entered against Russell Scott Silverman for all of the attorney's fees incurred by Damaris Jeanette Silverman.

On January 9, 2009, Silverman filed a petition to modify the parent-child relationship. However, Silverman did not make the $5,000 payment required by the divorce decree. Also on January 9, Silverman filed a motion to transfer the proceeding to Harris County based on the fact that Johnson and R.S. had moved and R.S.'s county of residence had changed.

Johnson filed a motion to dismiss and for sanctions before the Comal County court. Johnson's request for dismissal was based on Silverman's non-payment of the $5,000 required by the divorce decree. Her request for sanctions was based on the non-payment of the $5,000 as well as her allegations that Silverman had failed to properly serve his petition on Johnson and that the petition to modify was frivolous. Following a hearing on February 12, 2009, the district court granted Johnson's motion, dismissed Silverman's petition with prejudice, and imposed sanctions of $3,500 on Silverman and $1,000 on his attorneys. Silverman appeals.[1]

---

[1] This is not the first time that the parties have been before this Court. *See, e.g.*, *Silverman v. Johnson*, No. 03-08-00271-CV, 2009 Tex. App. LEXIS 7176 (Tex. App.—Austin Aug. 26, 2009, no pet.) (mem. op.) (affirming judgment on Silverman's motion to modify parent-child relationship filed in February 2008); *In re Silverman*, No. 03-09-00074-CV, 2009 Tex. App. LEXIS 2854 (Tex. App.—Austin Apr. 24, 2009) (orig. proceeding) (mem. op.) (requiring Johnson's attorney's petition for enforcement and contempt, filed in October 2008, to be transferred to Harris County).

Silverman argues that the district court erred in ruling on Johnson's motion to dismiss and for sanctions instead of transferring venue of the case in accordance with Silverman's motion to transfer. After entering the final decree of divorce in 2006, the Comal County district court generally retained continuing, exclusive jurisdiction of this matter due to its being a suit affecting the parent-child relationship. *See* Tex. Fam. Code Ann. §§ 155.001, .002 (West 2008). However, if a suit to modify an order is filed in the court having continuing, exclusive jurisdiction and the child has resided in another county in Texas for six months or longer, the court "shall" transfer the proceeding on the timely motion of a party. *Id.* § 155.201(b). Johnson does not dispute that Silverman's motion to transfer was timely, *see id.* § 155.204(b) (West Supp. 2009), or that R.S. has resided in Harris County for longer than six months. Thus, transfer of this matter was mandatory. *See id.* § 155.201(b).[2] However, Johnson contends that the district court had authority to enforce its prior order—even with the result being dismissal with prejudice—prior to entering an order on the motion to transfer.

We review a trial court's denial of a motion to transfer venue de novo. *See Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 347 (Tex. App.—San Antonio 2007, pet. denied) (citing *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-62 (Tex. 1994)). However, the district court did not rule on the motion to transfer, but granted Johnson's motion to dismiss instead. Silverman had sought to stay the district court's consideration of the motion to

---

[2] The hearing on Johnson's motion to dismiss was held after the last date for her to have filed a "controverting affidavit" contesting the motion to transfer. *See* Tex. Fam. Code Ann. § 155.204(d) (West Supp. 2009). No affidavit was filed controverting Silverman's allegation that R.S. has resided in Harris County for longer than six months. Thus, at that point, the proceeding was required to be transferred to the proper court without a hearing on the motion to transfer. *See id.* § 155.204(c).

dismiss until the venue issue was resolved, but before ruling on the motion to dismiss the district court denied Silverman's motion to stay. Because the decision to deny a motion to stay is within the discretion of the trial court, and the alleged error is the district court's granting a case-dispositive motion before entering an order on the motion to transfer, we review the district court's grant of Johnson's motion to dismiss based on an abuse of discretion standard. *See Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 291 (Tex. App.—Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Improper venue, when timely challenged, is reversible error. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (West 2002) ("On appeal from the trial on the merits, if venue was improper it . . . shall be reversible error."); *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 666 (Tex. App.—Dallas 2008, no pet.) ("Even mandatory venue provisions can be waived."). The Texas Supreme Court has held that transfer of a case to a county where the child has resided for more than six months is a "mandatory ministerial duty." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987); *see also Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996) ("When considering venue, we have noted that the Legislature's use of the word 'shall' in a statute generally indicates the mandatory character of the provision.").

Notwithstanding the fact that transfer was mandatory, Johnson contends the district court had authority under section 155.004 of the family code to "enforce its order for a violation that occurred before the time continuing, exclusive jurisdiction was lost under this section."

4

Tex. Fam. Code Ann. § 155.004(b) (West 2008). The district court's dismissal and imposition of sanctions was done pursuant to the terms of the 2006 divorce decree previously entered by the court. However, the loss of continuing, exclusive jurisdiction—resulting from the transfer of this case to Harris County—would not have occurred pursuant to section 155.004. *See id.* § 155.004(a). The statute governing the court's jurisdiction pending transfer is family code section 155.005. Section 155.005 provides that "[d]uring the transfer of a suit from a court with continuing, exclusive jurisdiction, the transferring court retains jurisdiction to render temporary orders." *Id.* § 155.005(a) (West 2008). While section 155.005 does not expressly state that the court cannot render permanent orders, the more reasonable construction is that when transfer is to occur—particularly when mandatory venue lies in a different court—the transferring court's actions should be limited to temporary matters so that the court with continuing jurisdiction can make the permanent decisions. The order of dismissal entered by the district court in this case was not a temporary order.

Moreover, we note that the transferring court's abstaining from enforcing its prior order due to a pending mandatory transfer will not nullify the effect of such order. The family code states:

> (a)  A court to which a transfer is made becomes the court of continuing, exclusive jurisdiction and all proceedings in the suit are continued as if it were brought there originally.
>
> (b)  A judgment or order transferred has the same effect and shall be enforced as if originally rendered in the transferee court.
>
> (c)  The transferee court shall enforce a judgment or order of the transferring court by contempt or by any other means by which the transferring court could have enforced its judgment or order. The transferee court shall have the power to punish

5

disobedience of the transferring court's order, whether occurring before or after the transfer, by contempt.

*Id.* § 155.206(a)-(c) (West 2008). Therefore, after transfer, the Harris County district court will have the authority to entertain Johnson's motion to dismiss and for sanctions.

We conclude that the district court abused its discretion in dismissing Silverman's suit when his timely filed motion to transfer was pending and such transfer was a mandatory ministerial duty. *See Proffer*, 734 S.W.2d at 673. We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.[3]

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded

Filed: July 15, 2010

---

[3] Having sustained Silverman's first point on appeal, we need not address his second point on appeal.