



## OPINION

No. 04-10-00608-CV

**IN RE** Megan **LEYVA**

Original Mandamus Proceeding[1]

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed: September 29, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On August 23, 2010, relator Megan Leyva filed a petition for writ of mandamus, complaining of the trial court's failure to transfer venue in a suit to modify the order in a suit affecting the parent-child relationship. We conditionally grant mandamus relief.

### BACKGROUND

On June 1, 2010, real party in interest Dominique Arvizu filed a Petition to Modify Parent-Child Relationship in Bexar County. Relator Megan Leyva filed an original answer and a motion to transfer on June 21, 2010. The motion to transfer alleged: "The principal residence of the child is in Lubbock County, Texas, and has been in that county during the six-month period preceding the commencement of this suit. Venue is proper in that county." The record indicates

---

[1]This proceeding arises out of Cause No. 2009-CI-03536, styled *In the Interest of G.L.,* pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

the motion to transfer was sent to Arvizu's counsel on June 21, 2010. On July 21, 2010, Leyva's counsel sent to the trial court a draft order transferring the modification suit. Thereafter, Arvizu filed a controverting affidavit on August 3, 2010. On August 5, 2010, Leyva's counsel wrote to the trial judge, requesting that she transfer venue due to Arvizu's failure to timely file a controverting affidavit. To date, the trial court has not ruled on the motion to transfer venue. Leyva now complains the trial court has abused its discretion in refusing to transfer the modification suit to Lubbock County.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. In a suit to modify the parent-child relationship, the trial court has a mandatory ministerial duty under Family Code section 155.201 to transfer the suit to a county where the child has lived for six months or longer. *See In re Kramer*, 9 S.W.3d 449, 450 (Tex. App.—San Antonio 1999, orig. proceeding) (citing *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987)). When the trial court fails to timely transfer venue, mandamus relief is appropriate because an appeal is inadequate. *See Proffer*, 734 S.W.2d at 673.

Leyva complains the trial court abused its discretion by failing to comply with the provisions of the Texas Family Code requiring the transfer of venue. *See* TEX. FAM. CODE §§ 155.201, 155.204 (West 2008). A transfer becomes mandatory as follows:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

*Id.* § 155.201(b). A party seeking to contest the motion to transfer venue must file a controverting affidavit denying that grounds for the transfer exist "[o]n or before the first Monday after the 20th day after the date of notice of a motion to transfer is served . . ." *Id.* § 155.204(d). "If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.* § 155.204(C).

Arvizu does not contest he was served with Leyva's motion to transfer venue on June 21, 2010. Therefore, Arvizu was required to file his controverting affidavit on or before July 12, 2010, but he did not file his controverting affidavit until August 3, 2010. Because Arvizu failed to timely file a controverting affidavit, section 155.204(c) required the trial court to transfer the proceeding, without a hearing, no later than August 2, 2010. *Id.* To date, the trial court has failed to transfer venue to Lubbock County.

In a response filed with this court, the trial judge contends the transfer was not mandatory because Leyva's motion to transfer failed to provide sufficient facts to support a transfer. Specifically, the trial judge asserts the motion (1) fails to state the date the child began living in Lubbock County; and (2) only provides that the "principal residence" is in Lubbock County instead of asserting the child has resided in Lubbock County for six months or longer. As a

result, the trial judge contends the mandamus is premature because she has not yet denied the motion to transfer venue, and a hearing should be held to determine if the transfer is mandatory.

Section 155.203 of the Family Code directs the court to look at the child's "principal residence" to determine the county of the child's residence when determining if venue must be transferred. *Id.* § 155.203 (providing "the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit"). We find the allegations in the motion were sufficient to comply with section 155.201(b) by alleging the child's principal residence is in Lubbock County, Texas and "has been in that county during the six-month period preceding the commencement of this suit." *See id.* § 155.201(b). Therefore, in light of Arvizu's failure to timely file a controverting affidavit, the trial court was required to transfer venue in compliance with section 155.204(c) without holding a hearing. *See id.* § 155.204(C). As a result of the foregoing, mandamus relief is appropriate and not premature.

## CONCLUSION

Because we conclude the trial court abused its discretion in failing to transfer the suit to Lubbock County, we conditionally grant the writ of mandamus. The writ will issue only if the trial court fails to transfer the suit within fourteen days.

Phylis J. Speedlin, Justice