**Affirmed, in Part, and Reversed and Vacated, in Part, and Memorandum Opinion filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00086-CV

---

### ANDREA FITZGERALD, Appellant

### V.

### MATTHEW B. FITZGERALD, Appellee

---

**On Appeal from the County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 10-FD-1794**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Andrea Fitzgerald, filed both a motion to enforce possession or access and a motion to transfer venue from Galveston County to Harris County pursuant to the mandatory transfer provision of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201(b) (West 2008). In an order dated January 6, 2012, the trial court dismissed Andrea's motion for enforcement of possession or access and granted her motion to transfer. Andrea appeals the trial court's dismissal of her

motion for enforcement of possession or access, but neither Andrea nor appellee, Matthew Fitzgerald, appeals the order transferring the case to Harris County. We affirm, in part, and reverse and vacate, in part.

## I. BACKGROUND

On August 11, 2011, the trial court—County Court at Law No. 3 of Galveston County—signed an agreed final decree of divorce between Andrea and Matthew, in which they were appointed joint managing conservators of their two children, with Andrea having the right to designate the children's primary residence in Galveston, Harris, or Brazoria Counties.

On November 4, 2011, Andrea filed a motion for enforcement of possession or access, alleging that Matthew had denied her periods of possession by returning the children later than the court-ordered return time on a number of occasions. On November 4, 2011, Andrea also filed a motion to transfer the proceeding from Galveston County to Harris County, alleging that the principal residence of the children had been Harris County during the six-month period preceding the commencement of the suit.

On November 11, 2011, the trial court set the motion to transfer for submission on January 6, 2012, and stated in the notice that "[t]he Court will consider and rule on the motion in accordance with the rules of the court without a hearing unless a controverting affidavit is timely filed." On November 15, 2011, Matthew was served with the motion for enforcement of possession or access and the motion to transfer. On December 12, 2011, Matthew filed a pro se response to the motion for enforcement of possession or access and the motion to transfer. However, Matthew did not file a controverting affidavit.

2

On January 6, 2012, the trial court signed the "Order Dismissing Mother's Frivolous Motion for Enforcement of Possession or Access and Order of Transfer." In the first part of the order, the trial court "sua sponte" dismissed Andrea's motion for enforcement of possession or access. In the second part of the order, the trial court, finding that no controverting affidavit had been filed, granted the motion to transfer.[1] Andrea appeals the trial court's dismissal of her motion for enforcement of possession or access. Neither Andrea nor Matthew appeals the transfer of the case to Harris County.

## II. ANALYSIS

In her first issue, Andrea contends that the trial court did not have authority to dismiss her motion for enforcement of possession or access because transfer from Galveston County to Harris County was mandatory pursuant to section 155.201(b) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201(b).

When a court renders a final divorce decree, it acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage. *Chalu v. Shamala*, 125 S.W.3d 737, 738 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *In re G.R.M.*, 45 S.W.3d 764, 766 (Tex. App.—Fort Worth 2001, no pet.). The court retains continuing jurisdiction unless jurisdiction has been transferred pursuant to the exclusive transfer provisions of the Texas Family Code or an emergency exists. *In re Wheeler*, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re Garza*, 981 S.W.2d 438, 440 (Tex. App.—San Antonio 1998, orig. proceeding).

---

[1] On November 4, 2011, Andrea also filed a motion for the enforcement of the child support order in the divorce decree, alleging that Matthew was in contempt of court for not paying the full amount of child support and medical support. The trial court's January 6, 2012 order does not address Andrea's motion to enforce the child support order; therefore, it appears that the motion was transferred to Harris County without a ruling.

Section 155.201 provides for the mandatory transfer of a proceeding on a motion to enforce an order as follows:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM. CODE ANN. § 155.201(b). Under section 155.204(b), "a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed." TEX. FAM. CODE ANN. § 155.204(b) (West 2008). A party desiring to contest the motion to transfer must file a controverting affidavit denying that grounds for the transfer exist on or before the first Monday after the 20th day after service of the notice of the motion is served. *Id.* § 155.204(d). "If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.* § 155.204(c).

Following a transfer, the transferee court becomes the court of continuing, exclusive jurisdiction, and all proceedings continue as if brought there originally. TEX. FAM. CODE ANN. § 155.206(a) (West 2008). "After the transfer, the transferring court does not retain jurisdiction of the child who is subject to the suit, nor does it have jurisdiction to enforce its order for a violation occurring before or after the transfer of jurisdiction." *Id.* § 155.206(d). Instead, the transferee court acquires the power to enforce previous orders entered by the transferor court. *Id.* § 155.206(c).

Andrea urges that, because the transfer was mandatory, the trial court—as the transferring court—did not have the power to consider her motion to enforce

4

possession or access, even *sua sponte*. We agree with Andrea that the Austin Court of Appeals' decision in *Silverman v. Johnson*, 317 S.W.3d 846 (Tex. App.—Austin 2010, no pet.), is instructive. In *Silverman*, the appellant filed a petition to modify the parent-child relationship and a motion to transfer the proceeding on the same day. *Id.* at 848. The appellee filed a motion to dismiss and for sanctions, which the trial court granted. *Id.* On appeal, the appellant argued that the trial court erred by ruling on the motion to dismiss and for sanctions instead of transferring venue. *Id.* Because no controverting affidavit had been filed, the trial court was required to transfer the case to the proper court without a hearing. *Id.* at n.2. Therefore, the *Silverman* court held that the trial court abused its discretion by dismissing the appellant's suit when his timely filed motion to transfer was pending and that such transfer was a mandatory ministerial duty, and reversed the judgment. *Id.* at 850.

Here, it is undisputed that Andrea timely filed the motion to transfer, and Matthew did not file a controverting affidavit denying that grounds for the transfer exist. In such circumstances, the trial court had no discretion but to transfer the case to Harris County without ruling on Andrea's motion for enforcement. *See In re T.J.L.*, 97 S.W.3d 257, 263 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("[I]f a motion to transfer is not timely controverted, the trial court has a mandatory, ministerial duty to promptly, without hearing, transfer a proceeding to the county where the child at issue has resided for more than six months."); *In re Kramer*, 9 S.W.3d 449, 451 (Tex. App.—San Antonio 1999, orig. proceeding) ("The trial court had a mandatory duty to transfer the case to Harris County *promptly without a hearing* as soon as the statutory requirements were met.").

Matthew contends that *Silverman* is distinguishable because, unlike this case in which the trial court dismissed Andrea's motion to enforce prior to granting the

5

motion to transfer, the trial court in *Silverman* did not rule on the motion to transfer. Matthew argues, therefore, that the trial court had authority to dismiss Andrea's motion to enforce despite section 155.201(b) because the trial court dismissed the motion for enforcement of possession or access before it granted the motion to transfer the suit to Harris County. We disagree.

Section 155.204(b) requires the motion to transfer by the petitioner or movant to be filed at the time the initial pleadings are filed. TEX. FAM. CODE ANN. § 155.204(b). Section 155.201(c) requires the trial court to transfer the proceeding where a timely motion to transfer has been filed and no controverting affidavit has been filed. TEX. FAM. CODE ANN. § 155.201(c). Matthew's interpretation would render meaningless section 155.204(b)'s requirement that the motion to transfer by the petitioner be filed at the same time as the initial pleadings are filed and section 155.201(c)'s requirement that the trial court transfer a proceeding on the timely filing of a motion to transfer if the trial court's authority to rule on the relief requested in the initial pleadings were merely a matter of making such ruling before granting the motion to transfer. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.").

We conclude that the trial court abused its discretion by dismissing Andrea's motion for enforcement of possession and access when her motion to transfer was pending; on these facts, the trial court had a statutory, ministerial duty to transfer venue and thus lacked discretion to make further rulings in the case. *See Silverman*, 317 S.W.3d at 850; *see also In re R.M.B.*, No. 01-09-00710-CV, 2010 WL 2788290, at *3 (Tex. App.—Houston [1st Dist.] July 15, 2010, no pet.) (mem. op.) (holding that the trial court had a mandatory ministerial duty to transfer the

case in absence of controverting affidavit, reversing the judgment, and remanding for the limited purpose of transferring the case); *T.J.L.*, 97 S.W.3d at 265, 268 (concluding that the trial court was required to transfer all proceedings pertaining to the child subject to the proceeding when the appellee did not controvert the appellant's first motion to transfer, reversing orders as to that child, and remanding with instructions to transfer all proceedings). We sustain Andrea's first issue.[2]

### III. CONCLUSION

Having sustained Andrea's first issue, we reverse that portion of the trial court's January 6, 2012 order dismissing Andrea's motion for enforcement of possession or access. However, because the case has been transferred to Harris County, the trial court—Galveston County Court at Law No. 3—no longer has authority to set aside its order dismissing the motion to enforce. *See* TEX. FAM. CODE ANN. § 155.206(d) (providing that, after the transfer, the transferring court does not retain jurisdiction of the child who is the subject of the suit); *In re Villarreal*, 126 S.W.3d 286, 287 (Tex. App.—San Antonio 2003, orig. proceeding) (holding that, because the case had been transferred to transferee county, the judge of the transferor court had no authority to vacate his prior order). Therefore, we vacate the portion of the trial court's January 6, 2012 order dismissing Andrea's motion for enforcement of possession or access. We affirm the remaining portion of the January 6, 2012 order that grants the motion to transfer the case to Harris County.

/s/    Sharon McCally, Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[3]

---

[2] Because we sustain Andrea's first issue, we need not address Andrea's remaining issues.

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.