

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00360-CV

**IN RE** John **PHELPS**

Original Mandamus Proceeding[1]

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 31, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On June 7, 2013, relator John Phelps filed a petition for writ of mandamus, complaining of the trial court's failure to sign an order transferring continuing and exclusive jurisdiction of a child custody matter to Galveston County without a hearing. *See* TEX. FAM. CODE ANN. § 155.301(a) (West 2008). We conclude the trial court abused its discretion in requiring the motion be set for hearing. *See* TEX. FAM. CODE ANN. § 155.204(c) (West 2008). Therefore, we conditionally grant mandamus relief.

### BACKGROUND

Phelps filed a motion to transfer continuing exclusive jurisdiction and motion for enforcement of possession in Bexar County in December of 2012. Bexar County acquired

---

[1] This proceeding arises out of Cause No. 2000-CI-07648, styled *In the Interest of E. H-P., A Minor Child*, pending in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Richard Price presiding.

continuing exclusive jurisdiction over the suit affecting the parent-child relationship as a result of an original order of parentage and order for possession in Cause No. 2000-CI-07648. Phelps alleged in his motion that the child and the child's mother, Vanessa Hollinger, reside outside the state and that Phelps, the only party to the proceeding remaining in Texas, now resides in Galveston County. Phelps sought transfer of continuing exclusive jurisdiction to Galveston County pursuant to section 155.301 of the Texas Family Code and in the interest of convenience of the parties. *See* TEX. FAM. CODE ANN. § 155.301 (a), (c) (West 2008).

Hollinger filed a pro se motion to dismiss for lack of jurisdiction and to transfer exclusive jurisdiction to Pottawattamie County, Iowa on January 21, 2013. In her motion, Hollinger acknowledged the original 2000 order establishing continuing exclusive jurisdiction in Bexar County, but asserted that Bexar County no longer had exclusive jurisdiction because she and the child had been residing out of state since June of 2012.

On February 6, 2013, Phelps sent a letter to the Bexar County district clerk stating, "Under the provisions of Texas Family Code § 155.204(c) 'Procedure for Transfer' please transfer the case to Galveston County, Texas without a hearing. The Respondent, Vanessa Hollinger, did not file a controverting affidavit with her motion." With his letter, Phelps enclosed his response to Hollinger's motion to dismiss and transfer to Iowa, attaching an affidavit controverting certain facts contained in Hollinger's motion and a proposed order on his motion to transfer.

One week later, the staff attorney for the Bexar County Civil District Courts sent a letter to the parties acknowledging that Judge Richard Price, as presiding district judge for the month of February 2013, had received Phelps's letter and proposed order, but advised that "[i]n light of the jurisdictional issues that appear to be present, the Judge requires that a hearing be set on the motions to transfer filed by both parties." Phelps responded with a second letter on February 18, 2013, asserting that the requirement of a hearing was contrary to the provisions of the Texas Family

Code, reiterating that Hollinger had filed no controverting affidavit and again providing a proposed order for signature, along with copies of cases applying section 155.204 of the Texas Family Code.

Phelps sent two additional letters, one in April and one in May, through the staff attorney for the district courts, re-urging his request that an order on his motion be signed without a hearing. No order was ever signed and no hearing has been held on Phelps's motion to transfer. Phelps then filed this petition for writ of mandamus.

## ANALYSIS

Subchapter D. of Chapter 155 of the Texas Family Code is entitled "Transfer of Proceedings Within the State When a Party or Child Resides Outside the State." TEX. FAM. CODE ANN. ch. 155, subch. D, § 155.301 (West 2008). Section 155.301(a) provides:

> A court of this state with continuing, exclusive jurisdiction over a child custody proceeding under Chapter 152 [Uniform Child Custody Jurisdiction and Enforcement Act] or a child support proceeding under Chapter 159 *shall transfer the proceeding to the county of residence of the resident party* if one party is a resident of this state and all other parties including the child or all of the children affected by the proceeding reside outside the state.

TEX. FAM. CODE ANN. § 155.301(a) (emphasis added).

Section 155.301 (c) provides:

> Except as otherwise provided by this subsection, if a transfer of continuing, exclusive jurisdiction is sought under this section, *the procedures for determining and effecting a transfer of proceedings provided by this chapter apply*. If the parties submit an agreed order for transfer, the court shall sign the order without the need for other pleadings.

TEX. FAM. CODE ANN. § 155.301(c) (emphasis added).

Section 155.204 provides the "Procedure for Transfer":

> (c) If a timely motion to transfer has been filed and *no controverting affidavit is filed* within the period allowed for its filing, the proceeding *shall*, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, *be transferred without a hearing to the proper court*.

TEX. FAM. CODE ANN. § 155.204(c).

It is undisputed that Phelps's motion to transfer was timely filed. It is also undisputed that Hollinger did not file a controverting affidavit in response to Phelps's motion within the time period required by the statute. *See* TEX. FAM. CODE ANN. § 155.204(d) (West 2008). Given the lack of a controverting affidavit, the trial court had a ministerial duty to follow the procedures provided by the Texas Family Code and enter an order of transfer to Galveston County without the requirement of a hearing on Phelps's motion. *See In re Leyva*, 333 S.W.3d 315, 317-18 (Tex. App.—San Antonio 2010, orig. proceeding) (concluding trial court abused its discretion in failing to order transfer without a hearing, even to evaluate whether transfer was mandatory, where no timely controverting affidavit was filed); *In re Casseb*, 119 S.W.3d 841, 843 (Tex. App.—San Antonio 2003, orig. proceeding) (no discretion but to transfer to the county of residence of the only Texas resident party under section 155.301).

By failing to complete the ministerial act of signing an order of transfer and instead requiring a hearing on Phelps's motion, the trial court abused its discretion. *See In re Leyva*, 333 S.W.3d at 318 (addressing the trial judge's contention that a hearing was necessary to determine whether transfer was mandatory). Despite the fact that Hollinger had asserted in her motion that she and the child had resided out of state for some period of time, the trial court's duty to transfer the proceeding within Texas, when there is at least one party that remains in the state and the procedural requirements for transfer without a hearing have been met, is unchanged. *See In re Forlenza*, 140 S.W.3d 373, 379 (Tex. 2004) (the decree-granting state retains continuing exclusive jurisdiction, even when the child and custodial parent reside out of state, until there is a determination that the significant connection and substantial evidence requirements of section 152.202(a) are no longer met); *see also* TEX. FAM. CODE ANN. § 155.301(a) (providing for transfer within the state when the child and one party reside outside the state).

**CONCLUSION**

Based on the foregoing analysis, we hold the trial court abused its discretion in failing to transfer continuing exclusive jurisdiction over the enforcement proceeding under Texas Family Code section 155.301 without a hearing. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to transfer the underlying proceeding to Galveston County without a hearing. *See* TEX. FAM. CODE ANN. §§ 155.204(c), 155.301(a) (West 2008). The writ will issue only if the trial court fails to comply within ten days from the date of this court's order.

Luz Elena D. Chapa, Justice