# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00844-CV

**Veronica Chavez Vara, Appellant**

**v.**

**Mark S. Vara, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-FM-07-000759, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Veronica Chavez Vara appeals from the trial court's order declaring her a vexatious litigant, entered in the ongoing suit affecting the parent-child relationship ("SAPCR") between her and her ex-husband, appellee Mark S. Vara. We reverse the trial court's order declaring Veronica a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001-.104.

The Varas were divorced in 2008, and the parties have since filed numerous motions to modify or to enforce the trial court's decree and orders, along with motions for sanctions. On September 23, 2012, Veronica filed a fifth motion to modify, alleging that Mark's income had increased since the time of the last order (issued in March 2012) and that his visitation was infrequent and irregular and seeking an increase in child support and a modification of Mark's visitation schedule. Along with her motion to modify, Veronica also filed a motion to transfer, asserting that she and the children have lived in El Paso since November 2009. On

October 24, 2012, Mark filed a document entitled "Affidavit Controverting Motion to Transfer." However, Mark's affidavit did not controvert Veronica's allegations related to transfer and instead disputed that the parties' circumstances had changed so as to justify Veronica's latest motion to modify and noted that in a June 2012 hearing, the trial court had refused to grant Veronica's earlier motion to transfer.[1] Mark also filed a motion seeking to have Veronica declared a vexatious litigant, and on November 9, the trial court held a hearing and considered both motions. The court then signed two orders—one declaring Veronica a vexatious litigant and one granting her motion to transfer.[2]

In a SAPCR, a party's motion to transfer is timely if it is filed at the time the party files her "initial" pleading, such as a motion to modify. Tex. Fam. Code § 155.204(b). If the opposing party seeks to contest the motion to transfer, he must file a "controverting affidavit denying that grounds for the transfer exist" on or before the first Monday following twenty days from the filing of the motion. *See id.* § 155.204(d). If no controverting affidavit is timely filed, the proceeding "must be transferred without a hearing to the proper court" no later than twenty-one days after the deadline for filing an affidavit. *Id.* § 155.204(c). Under the statutes governing the transfer of a SAPCR, "[t]ransfer of a case to a county where the child has resided for more than six months is a

---

[1] Veronica filed an earlier motion to transfer on May 11, 2012, followed by a motion to modify on May 14. In the June hearing, the trial court denied the motion to transfer, stating that because it was filed before the motion to modify, there was "no pleading to transfer." Although the parties were in dispute about whether Veronica's motion to transfer should be considered filed "simultaneously" with her motion to modify and whether she had waived her right to seek transfer, the trial court said, "I don't know that it matters but since I heard the temporary orders I'm keeping it." Veronica nonsuited her motion to modify and did not appeal from the trial court's June 2012 orders, so the denial of her earlier motion to transfer was never reviewed by this Court.

[2] Neither party complains about the trial court's transfer of the case to El Paso.

mandatory ministerial duty." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (applying predecessor to section 155.204).

Veronica's motion to transfer was filed September 23, making Mark's affidavit due October 15. *See* Tex. Fam. Code § 155.204(d). Because Mark's affidavit (even if we can consider it to be "denying that grounds for the transfer exist") was not timely, the trial court had no discretion but to transfer the SAPCR to El Paso no later than November 5. *See id.* § 155.204(c). The trial court abused its discretion in failing to do so and in considering Mark's motion to have Veronica declared a vexatious litigant on November 9.[3] *See Fitzgerald v. Fitzgerald*, No. 14-12-00086-CV, 2013 WL 269040, at *2-3 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (mem. op.) (trial court erred in deciding motion for enforcement before granting uncontested motion to transfer; once timely motion to transfer was filed and not contested, "the trial court had a statutory, ministerial duty to transfer venue and thus lacked discretion to make further rulings in the case"); *see also Silverman v. Johnson*, 317 S.W.3d 846, 848-49 (Tex. App.—Austin 2010, no pet.) (in SAPCR, trial court erred in granting motion to dismiss and failing to rule on pending and uncontested motion to transfer; "[W]hen transfer is to occur—particularly when mandatory venue lies in a different court—the transferring court's actions should be limited to temporary matters so that the court with continuing jurisdiction can make the permanent decisions. The order of dismissal entered by the district court in this case was not a temporary order.").

---

[3] Even if the trial court had the authority to consider Mark's "controverting" affidavit, at a hearing on a motion to transfer, "[o]nly evidence pertaining to the transfer may be taken." *See* Tex. Fam. Code § 155.204(f).

3

We reverse the trial court's order declaring Veronica a vexatious litigant and remand Mark's motion for consideration by the El Paso trial courts. *See Silverman*, 317 S.W.3d at 850 (reversing order granting motion to dismiss and stating, "after transfer, the [transferee] court will have the authority to entertain Johnson's motion to dismiss and for sanctions").

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed:   July 23, 2014

4