

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00606-CV

**IN RE** James David **HENRY**

Original Mandamus Proceeding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Rebeca C. Martinez, Justice
                  Jason Pulliam, Justice

Delivered and Filed:  December 23, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 28, 2015, relator James David Henry filed a petition for writ of mandamus, complaining of the trial court's order denying his motion to transfer venue of the underlying suit for modification of an order affecting the parent-child relationship to Midland County. *See* TEX. FAM. CODE ANN. § 155.201(b) (West 2014). We conclude the trial court abused its discretion in denying the motion to transfer. Therefore, we conditionally grant mandamus relief.

## BACKGROUND

James David Henry filed the suit underlying this mandamus proceeding on July 18, 2011, seeking to establish a parent-child relationship with his minor son. In August 2011, Henry obtained

---

[1] This proceeding arises out of Cause No. 2011-CI-11645, styled *In the Interest of B.A.H., A Child*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Karen H. Pozza presiding.

an agreed order adjudicating him to be the father of B.A.S., his son with Stephanie Markell. The order changed the child's name to B.A.H., but did not address conservatorship.

Henry later filed an amended petition in which he sought medical and psychological examinations of Markell, and to be named the sole managing conservator of B.A.H. The trial court signed an order in February 2012 requiring Markell to participate in medical and psychological examinations with specified providers, and to authorize the release of her medical records to Henry's attorney for use in connection with the on-going litigation. A second order was signed after Markell failed to submit to the required examinations in violation of the February order. In this second order, signed April 5, 2012, the trial court again ordered Markell to participate in medical and psychological examinations, appointed Henry the temporary sole managing conservator of B.A.H., and ordered B.A.H. placed in the custody of his father. Markell was further enjoined from interfering with Henry's possession and from attempting to take possession of the child. After obtaining a writ of attachment when Markell failed to release the child to him, Henry eventually took possession of B.A.H. on April 10, 2012.[1]

In August 2015, while in the process of relocating from Midland County to the Dallas area, Henry and his family were staying in a hotel in Tarrant County, Texas. After receiving a telephone call from B.A.H., Markell drove to Tarrant County, picked B.A.H. up from the hotel parking lot without notice to Henry, and returned with B.A.H. to Bexar County. On September 4, 2015, Henry filed the current petition for modification concurrently with his motion to transfer venue and notice of setting. Henry filed in Bexar County, as the court with continuing, exclusive jurisdiction. In the petition to modify, Henry sought to be designated as the conservator with the exclusive right to determine the primary residence of B.A.H. Henry requested that venue for the modification be

---

[1] Neither party pursued a trial setting with respect to Henry's requests for sole conservatorship or other relief, and the amended petition was eventually dismissed for want of prosecution in December 2014.

transferred to Midland County, as B.A.H. had continuously resided with him in Midland County from the time he took possession in April 2012 until August 20, 2015, when Markell took B.A.H. with her to Bexar County. Markell was served with the motion to transfer, notice of setting, and petition for modification on September 5, 2015. The motion for transfer and request for temporary orders were set on the non-jury docket for September 16.

Markell filed a counter-motion for modification on September 16, in which she requested child support, supervised visitation for Henry and additional temporary orders. Markell requested the trial court deny Henry's motion to transfer, stating in her counter-motion that the child was then living with her in Bexar County, and B.A.H. had previously been "illegally residing with his father." The trial court conducted a hearing on the motion to transfer and signed an order denying the motion on September 21, 2015. Henry then filed this petition for writ of mandamus.

### ANALYSIS

Generally, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). The trial court's clear failure to correctly analyze or apply the law to the facts will constitute an abuse of discretion correctable by mandamus. *Walker*, 827 S.W.2d at 840. When a trial court fails to transfer venue pursuant to a mandatory venue provision in a family law case, mandamus is appropriate because remedy by appeal, though technically available, is inadequate to protect the rights of parents and children to trial in a particular venue. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987).

Henry complains the trial court abused its discretion in denying his motion to transfer venue in accordance with the mandatory provision requiring venue of a modification in a county where the child has resided for six months or longer. *See* TEX. FAM. CODE ANN. § 155.201(b). "In

a suit to modify the parent-child relationship, the trial court has a mandatory ministerial duty under Family Code section 155.201 to transfer the suit to a county where the child has lived for six months or longer." *In re Leyva*, 333 S.W.3d 315, 317 (Tex. App.—San Antonio 2010, orig. proceeding). A party seeking to prevent transfer can file a controverting affidavit denying that grounds for transfer exist. *See* TEX. FAM. CODE ANN. § 155.204(d) (West 2014).

Markell did not file a controverting affidavit, but did file a sworn counter-motion for modification on the day of the hearing. In her motion, Markell requests that the court deny transfer because B.A.H. was no longer residing in Midland County, and had been "illegally residing with his father" prior to August 2015.

At the hearing on the motion to transfer venue, Henry testified that B.A.H. had lived with him in Midland County since he took custody in 2012. B.A.H. had been enrolled in private school in Midland County and was involved in football, basketball and track. Henry testified that he and his family were in the process of moving to Flower Mound, Texas in August 2015 for his job. He indicated that the family planned to maintain its residence in Midland County as well, despite relocating to Flower Mound.

Markell testified that B.A.H. had been residing with her in San Antonio since she picked him up from the hotel parking lot in Dallas on August 20, 2015. She admitted that prior to that day, Henry had actual care, custody and control of B.A.H. in Midland County since April 2012. Thus, despite opposing Henry's request to transfer venue, Markell does not dispute that B.A.H. had continuously resided in Midland County for more than six months before the current petition for modification. Once it was established that the child had resided in another county for at least six months prior to the modification, the trial court had no discretion to deny transfer to that county on Henry's timely request. *See In re Wheeler*, 177 S.W.3d 350, 353 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

The Family Code directs the trial court to consider the child's "principal residence" when determining a question of mandatory venue. *See* TEX. FAM. CODE ANN. § 155.203 (West 2014). "[T]he court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit." *Id.* The allegations in Henry's motion to transfer are sufficient to allege B.A.H.'s principal residence in Midland County for more than six months before the suit for modification. The operative facts are supported by sufficient evidence in the record and are uncontroverted by Markell. Accordingly, the trial court was required to grant Henry's motion to transfer. *See* TEX. FAM. CODE ANN. § 155.201(b).

Markell argues that Henry waived his right to request transfer of venue by his conduct because she did not voluntarily allow B.A.H. to go with Henry in 2012. While Markell may not have desired for her son to go with Henry in 2012, Henry's possession of B.A.H. was not "illegal" as Markell contends. Unlike the cases Markell cites in support of her position, Henry's possession of B.A.H. was pursuant to a legitimate temporary court order. *See, e.g., Huey v. Huey*, 200 S.W.3d 851, 853 (Tex. App.—Dallas 2006, no pet.) (finding waiver of right to transfer when children were removed from the county of continuing jurisdiction in violation of an existing divorce decree). The trial court appointed Henry the temporary sole managing conservator of the child in April 2012. As the sole managing conservator, Henry had the right to determine the child's primary residence. *See* TEX. FAM. CODE ANN. § 153.132 (West 2014). Although the 2012 temporary order may have ceased to be effective when Henry's prior petition was dismissed in 2014 for want of prosecution, neither parent took steps to secure a permanent custody order prior to Henry's 2015 petition for modification.

**CONCLUSION**

Based on the foregoing analysis, we conclude the trial court abused its discretion in failing to transfer the underlying modification proceeding to Midland County pursuant to Texas Family Code section 155.201(b). Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to transfer the underlying proceeding to Midland County. The writ will issue only if we are notified the trial court has failed to comply.

Rebeca C. Martinez, Justice