**Opinion filed March 5, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00039-CV

_____

## IN RE JERRY VENEGAS

### Original Mandamus Proceeding

### O P I N I O N

Relator, Jerry Venegas, filed a motion to transfer venue in Cause No. B-124,983 on grounds that transfer of the case to Harris County was mandatory under Section 155.201(b) of the Texas Family Code. Because the motion was not ruled upon within the statutory timeframe, Venegas filed this original petition for writ of mandamus in which he requests that we instruct the Honorable Sara Kate Billingsley, District Judge of the 446th District Court of Ector County, to grant the motion to transfer venue. We conditionally grant the petition for writ of mandamus.

*Background*

Venegas and Real Party in Interest, Michelle Woods, are the parents of C.V. Venegas has the exclusive right to determine C.V.'s primary residence, and C.V. has lived with Venegas in Harris County since September 2012.

On October 23, 2019, Woods filed a petition to modify the parent-child relationship and a motion for Judge Billingsley to confer with C.V. In the motion to confer, Woods represented that Venegas and C.V. resided in Katy, Texas. Judge Billingsley granted Woods's request for a temporary restraining order, granted Woods's motion to confer, and set a hearing on November 14, 2019, on Woods's request for temporary orders.

Venegas was served on October 28, 2019. On November 1, 2019, Venegas filed a motion for mandatory transfer of venue to Harris County. Venegas filed a counterpetition to modify the parent-child relationship on November 6, 2019. Two days later, Venegas filed an amended motion to transfer venue in which he requested both mandatory and discretionary transfer of venue. In both the original and the amended motions to transfer venue, Venegas asserted that transfer of the case to Harris County was mandatory pursuant to Section 155.201(b) of the Texas Family Code.

Venegas filed an amended answer on November 13, 2019, in which he requested that Judge Billingsley rule on the amended motion to transfer venue. Venegas specifically alleged that, because Woods had "affirm[ed]" in her pleadings that C.V.'s primary residence was in Harris County, Judge Billingsley was not required to hold a hearing on the amended motion to transfer. At the hearing on November 14, 2019, Venegas immediately raised the amended motion to transfer venue. Venegas argued that Woods had stated in the motion to confer that C.V. lived in Katy, Texas, and could not submit an affidavit that contradicted her motion. Woods responded that she could not "contest that the child lives with the father, within Harris County," but that the time period in which to file a controverting affidavit had not expired.

Judge Billingsley ruled that the amended motion to transfer venue was not ripe but that, even if it was, she could still render temporary orders. Venegas then

2

requested a discretionary transfer of venue because C.V. lived in Harris County or, alternatively, a continuance due to the absence of witnesses with relevant information about C.V.'s best interest. Judge Billingsley stated that she would grant a continuance but that ruling did not mean that Venegas could "escape the jurisdiction of [her] court for temporary orders." Judge Billingsley then conferred with C.V. in chambers to determine the child's preference as to the outcome of the proceedings. The temporary orders hearing was reset for December 5, 2019.

Venegas's counsel contacted Judge Billingsley's court coordinator, Michelle Conn, on December 2, 2019, and inquired as to whether Judge Billingsley had signed an order on the motion to transfer. The record does not indicate that Conn responded to the inquiry. On December 4, 2019, Venegas's counsel requested that the temporary orders hearing be reset due to a personal matter, and the hearing was reset for January 30, 2020.

On December 19, 2019, Venegas's counsel again contacted Conn about whether Judge Billingsley had signed an order on the motion to transfer. Venegas's counsel specifically stated that Venegas had agreed to have the temporary orders hearing in Ector County and was not requesting that the temporary orders hearing be held in Harris County, but that "the date for transfer has long since passed." Again, the record does not reflect any response from Conn.

Venegas's counsel contacted Conn a third time on January 28, 2020, and again inquired about whether Judge Billingsley had signed an order on the motion to transfer. Conn stated that it was her understanding that the temporary orders would be heard in Ector County. Venegas's counsel responded that the fact that the temporary orders would be heard in Ector County "should have no bearing on signing the order to transfer." Venegas's counsel pointed out that, because Woods had not filed a controverting affidavit, Judge Billingsley had a ministerial duty to transfer the case.

3

The temporary orders hearing was subsequently reset to February 6, 2020. The February 6 hearing did not take place due to inclement weather. On February 7, 2020, Woods's counsel informed Venegas's counsel that Conn had indicated that the hearing would be rescheduled for February 13, 2020. Venegas's counsel responded that he had a previously scheduled hearing and could not be present on February 13. Judge Billingsley signed an order on February 10, 2020, in which she reset the hearing to February 13, 2020. On February 11, 2020, Venegas's counsel contacted Conn and requested that the hearing be rescheduled for February 20, 2020. Judge Billingsley denied the request to reschedule the hearing.

Venegas filed this petition for writ of mandamus in which he requests that we direct Judge Billingsley to grant the amended motion to transfer venue and to transfer the case to Harris County.[1] Venegas asserts that Judge Billingsley had a ministerial duty to transfer the case and that relief through mandamus is available to compel the mandatory transfer. In response, Woods argues that Judge Billingsley did not abuse her discretion because this case is not subject to a mandatory transfer of venue.

*Analysis*

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abused its discretion and the relator has no other adequate remedy. *In re Murrin Bros. 1885, Ltd.*, No. 18-0737, 2019 WL 6971663, at *2 (Tex. Dec. 20, 2019) (orig. proceeding). The relator has the burden to prove both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

When the statutorily required grounds for mandatory venue transfer under the Family Code exist, the trial court has a mandatory, ministerial duty to transfer the

---

[1]Venegas also filed a motion for temporary relief in which he requested that we stay the February 13, 2020 hearing in order to maintain the status quo and to preserve this court's jurisdiction to consider the merits of the request for mandamus relief. We granted the motion and stayed the temporary orders hearing pending further order of this court or final disposition of this mandamus proceeding.

4

case to the county where the child has resided for more than six months. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam) (construing predecessor statute); *In re Calderon*, 96 S.W.3d 711, 715 (Tex. App.—Tyler 2003, orig. proceeding [mand. denied]). Further, remedy by direct appeal is frequently inadequate to protect the rights of parents and children to a trial in a particular venue. *Proffer*, 734 S.W.2d at 673; *see also In re Alvarez*, No. 05-16-00753-CV, 2016 WL 4275032, at *2 (Tex. App.—Dallas Aug. 15, 2016, orig. proceeding) (mem. op.). Therefore, mandamus is available to compel mandatory transfer in a suit affecting the parent-child relationship. *Proffer*, 734 S.W.2d at 673; *In re Freeman*, No. 11-17-00132-CV, 2017 WL 2698430, at *2 (Tex. App.—Eastland June 15, 2017, orig. proceeding) (mem. op.).

Venegas moved to transfer the case pursuant to Section 155.201(b) of the Family Code. Section 155.201(b) provides that, if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit and a party files a timely motion to transfer, the court "shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b) (West Supp. 2019). This provision is mandatory. *Proffer*, 734 S.W.2d at 673; *Silverman v. Johnson*, 317 S.W.3d 846, 849 (Tex. App.—Austin 2010, no pet.).

A motion to transfer venue filed by a party other than the petitioner is timely "if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner." FAM. § 155.204(b). A party who contests the transfer must file "a controverting affidavit denying that grounds for the transfer exist" on or before "the first Monday after the 20th day after the date of notice" of the motion is served. *Id.* § 155.204(d). If a timely motion to transfer venue is filed and no

5

controverting affidavit is timely filed, the "proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.* § 155.204(c).

Woods argues that Section 155.201(c) of the Family Code, rather than Section 155.201(b), applies in this case and that Judge Billingsley therefore acted within her discretion when she did not grant the amended motion to transfer. Section 155.201(c) provides that, if a suit to modify or a motion to enforce is pending when a new suit to modify or motion to enforce is filed, the trial court "may" transfer the proceeding "only if the court could have transferred the proceeding at the time the first motion or suit was filed." *Id.* § 155.201(c). Woods contends that Venegas's amended motion to transfer venue "[took] the place of" the original motion to transfer venue and was filed after Venegas filed his counterpetition to modify the parent-child relationship. Woods argues that, under a due order of pleading analysis, the amended motion to transfer was filed when Venegas's suit to modify was pending and, therefore, the case falls under Section 155.201(c).

However, Venegas's amended motion to transfer venue related back to the original motion to transfer. *See Smith v. Smith*, 541 S.W.3d 251, 256–57 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("[A]n amended motion to transfer venue that is filed before the trial court rules on a timely original motion *relates back to* the original motion."); *In re Pepsico, Inc.*, 87 S.W.3d 787, 794 (Tex. App.—Texarkana 2002, orig. proceeding). Further, the venue rules under the Texas Family Code were designed to supplant the regular venue rules. *Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex. 1983) (orig. proceeding); *In re C.G.*, 495 S.W.3d 40, 44 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied). Therefore, the "due order of pleadings rule found in the Rules of Civil Procedure" are not applicable to a venue challenge under the Family Code. *In re Leder*, 263 S.W.3d 283, 286 n.2 (Tex. App.—Houston

[1st Dist.] 2007, orig. proceeding [mand. denied]) (citing *Martinez v. Flores*, 820 S.W.2d 937, 938 (Tex. App.—Corpus Christi–Edinburg 1991, no writ)).

Woods filed a petition to modify at a time when no motion to modify or motion to enforce was pending. Venegas timely filed a motion to transfer venue— causing the case to fall under Section 155.201(b). *See* FAM. § 155.201(b). Venegas's amended motion to transfer venue related back to the original motion. *See Smith*, 541 S.W.3d at 256–57; *Pepsico*, 87 S.W.3d at 794. Therefore, the fact that Venegas filed a counterpetition between the original and amended motions to transfer did not impact the applicability of Section 155.201(b).[2]

It is undisputed that Venegas has the exclusive right to establish the primary residence of C.V. without geographic limitation and that C.V. has lived with Venegas in Harris County since 2012. Venegas was served with Woods's petition to modify on October 28, 2019, and filed a timely motion to transfer venue on November 1, 2019. *See* FAM. § 155.204(b). To timely challenge the transfer, Woods was required to file a controverting affidavit by November 25, 2019. *See id.* § 155.204(d). Woods did not timely file a controverting affidavit. Therefore, Judge Billingsley was statutorily required to transfer the case to Harris County, without holding a hearing, by December 16, 2019. *See id.* §§ 155.201(b), .204(c); *In re Yancey*, 550 S.W.3d 671, 675–76 (Tex. App.—Tyler 2017, orig. proceeding)

---

[2]The cases relied upon by Woods do not compel a different conclusion. In *Freeman*, the relator's and the real party in interest's 2015 petitions to modify were pending at the time the real party in interest filed a new petition to modify in 2016. 2017 WL 2698430, at *2. The relator filed a motion to transfer the 2016 petition to modify. *Id.* Because the suit on the 2015 petitions was still pending, Section 155.201(c) applied to the relator's motion to transfer the 2016 petition. *Id.* Similarly, in *In re Lambdin*, No. 07-03-0328-CV, 2003 WL 21981975, at *1, 3 (Tex. App.—Amarillo Aug. 20, 2003, orig. proceeding), the relator filed a motion to modify, and in response, the real party in interest filed an answer, a counterpetition to modify, and a motion to enforce the existing visitation rights ordered by the trial court. The relator filed a first amendment to her motion to modify and, two weeks later, filed a motion to transfer venue of "this proceeding." *Id.* at *1. The Amarillo Court of Appeals determined that Section 155.201(c) applied to the motion to transfer because, at the time it was filed, pending before the trial court was "a suit to modify followed by a subsequent motion to enforce." *Id.* at *3. In this case, the only suit pending at the time that Venegas filed the motion to transfer venue was Woods's petition to modify.

(holding that transfer was required when no controverting affidavit was filed with respect to the children and father acknowledged at hearing that they had resided in transferee county for at least six months); *In re Leyva*, 333 S.W.3d 315, 318 (Tex. App.—San Antonio 2010, orig. proceeding).

We recognize that even mandatory venue provisions can be waived, *see Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 666 (Tex. App.—Dallas 2008, no pet.); *see also Silverman*, 317 S.W.3d at 849, and that Judge Billingsley likely did not rule on Venegas's amended motion to transfer venue because Venegas agreed that Judge Billingsley could hear the motion for temporary orders. *See* FAM. § 155.005(a) (West 2014) ("During the transfer of a suit from a court with continuing, exclusive jurisdiction, the transferring court retains jurisdiction to render temporary orders."). However, throughout this case, Venegas has clearly separated the issue of the temporary orders hearing from the motion to transfer venue and has never waived his right to have the case transferred to Harris County. *See In re Sheard*, No. 01-15-01027-CV, 2016 WL 2586777, at *5 (Tex. App.—Houston [1st Dist.] May 5, 2016, orig. proceeding) (mem. op.) (concluding that the relator did not waive right to mandatory transfer of venue by also asserting that the transfer would be convenient for the parties). We have found no authority that would permit Judge Billingsley to exercise discretion to act outside the parameters of the statutory deadline to transfer the case in order to hold a hearing on Woods's motion for temporary orders. *See In re Kramer*, 9 S.W.3d 449, 451 (Tex. App.—San Antonio 1999, orig. proceeding) ("The trial court had a mandatory duty to transfer the case to Harris County *promptly without a hearing* as soon as the statutory requirements were met.").

*This Court's Ruling*

We hold that transfer of this case to Harris County is mandatory under Section 155.201(b) of the Family Code and that Judge Billingsley abused her

discretion when she failed to grant Venegas's amended motion to transfer venue within the statutory timeframe. Therefore, we conditionally grant Venegas's petition for writ of mandamus and direct the Honorable Sara Kate Billingsley to render an order in which she grants Venegas's motion to transfer venue. A writ of mandamus will issue only if Judge Billingsley fails to act by March 16, 2020.

KEITH STRETCHER
JUSTICE

March 5, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.